### THE STATE vs. ISAAC GAUL.

The act of 1879, (Session Laws, 1879, ch. 44,) provides that "any person who shall ravish and carnally know any female of the age of ten years or more against her will and consent, or who shall carnally know and abuse any female child under the age of ten years, shall be imprisoned in the state prison, &c." Held, that in an indictment charging a rape, it is not necessary that it be alleged that the person on whom it was committed was of ten or more years of age.

And that it is sufficient to allege that it was "against her will," that allegation being equivalent to "against her will and consent."

INDICTMENT for rape; in the Superior Court. Tried to the jury before *Beardsley*, *J*. Verdict guilty; motion in arrest of judgment for the insufficiency of the indictment; motion overruled, and appeal by the defendant to this court. The case is fully stated in the opinion.

*J. C. Chamberlain*, for the plaintiff in error.

*F. L. Holt*, for the State.

GRANGER, J. The defendant was convicted in the Superior Court of a rape upon the person of one Lucy Bates, and after a motion in arrest for the insufficiency of the indictment had been overruled, he appealed to this court on the same ground.

The indictment is in the usual form for that offense at common law as well as under our statute, except in that it alleges that the act was done "against her will," instead of "against her will and consent," which the defendant contends are not equivalent, and that a distinct allegation of the want of consent is indispensable. But we cannot regard this fuller allegation as expressing anything more than the allegation "against her will." Surely if it was against her will it was against her consent, and if done against her consent was presumably against her will. The two words are substantially synonymous when used in this connection, and either without the other is sufficient. Indeed the word "consent" is spoken of by some legal writers as the less comprehensive of the two. Wharton's Am. Crim. Law, § 1141. The form in Swift's Digest contains only the word "will." 2 Swift's Dig., 826.

But the defendant contends that the act of 1879, (Session Laws, ch. 44,) which changes the range of punishment which may be inflicted for the crime, and makes a distinction in the matter of consent between the case of a female of the age of ten years or more, and that of a female child under ten years, makes it necessary that the indictment should state whether the person on whom the offense has been committed is of ten years or more of age, or is under that age. But this allegation can not be important where, as here, the act is charged to have been done against the will of the person. If she had been under ten years of age that fact would make it unnecessary to prove that the act was against her consent, and it might with more reason be claimed that the indictment should in that case allege the fact that she was under ten that the defendant might know that the state would not take upon itself the burden of proving the want of consent; but where the indictment

alleges that the act was done against her will the state gives notice by the allegation that it takes upon itself the proof of that fact. There has always been a distinction made between persons of the age of consent and those not so, and while ten years of age has generally been treated as marking the lowest limit of the age of consent, yet the common law rule includes persons of greater age where from special immaturity or incapacity they were still unable to give what the law would regard as consent. Our statute merely fixes definitely the age of ten as that of capacity to consent. The statute may be regarded as substantially in affirmance of the common law, simply applying in a definite way a well-settled common law principle as to the application of which in particular cases there was room for uncertainty. This being so, there is no reason why an indictment for rape at common law should not be good for an indictment under our statute, where the offense has been committed on a person of ten or more years of age.

The indictment is sufficient and there is no error.

In this opinion the other judges concurred.