[No. 1958.]

HUMPHREY MOORE *v.* THE STATE.

1. ASSAULT TO RAPE — INDICTMENT.— Carnal connection with a female under the age of ten years, whether it is had with or without her consent, is rape *per se;* and an indictment for rape, or for assault to rape, upon a female under the age of ten years, should not contain allegations of force, threats or fraud.

2. SAME — BURDEN OF PROOF.— INDICTMENT for assault to rape, containing no allegation of non-age, and charging that the assault was committed upon the female with the intent to carnally know her, etc., by force, and without her consent and against her wish, charges an attempt to rape a female over the age of ten years, and whatever be the proof as to the age of the female, imposes upon the State the burden of proving that the assault was made to carnally know the female by force, without her consent and against her wish,— such allegations being descriptive of the offense, and, therefore, necessary to be proved.

3. SAME — CHARGE OF THE COURT.— The evidence upon the trial of this case disclosed that the assaulted female was a child eight or nine years old, and tended strongly to show her consent to the act. With respect to such proof, and the allegations of the indictment, the defense requested the court to charge the jury as follows: "The State having alleged that the defendant made the assault upon Willie Ogle with intent to have carnal knowledge of her without her consent, the State must prove that the said Willie Ogle did not consent to the act. The age of the said Willie Ogle is immaterial in this case, as her age is not set forth in the indictment. If you believe from the evidence that the said Willie Ogle did consent to have intercourse with the defendant, you will acquit the defendant." ·*Held,* that this requested instruction was correct in view of the allegations in the indictment and the proof, and that in refusing to give it the trial court erred.

4. SAME — LIMITATION.— It is a settled rule of limitation in this State that, "Acts of limitation, being acts affecting the remedy only, are peculiarly within the scope of legislative action and control, and are regulated by no inflexible rules as to the time prescribed within which they are to operate. They may be changed, or may be fixed arbitrarily at any time, so as that they are not made to apply to rights already vested. But a right in a remedy merely cannot vest."

5. SAME — CHARGE OF THE COURT — CASE STATED.— It is expressly provided by article 197 of the Code of Criminal Procedure, that the crime of rape

may be presented for prosecution within one year, and not afterwards. The Codes fix no special limitation with regard to prosecutions for attempts or assaults with intent to commit rape. The general provision, however, announced in article 199 of the Code of Criminal Procedure, is to the effect that, "an indictment for all other felonies may be presented within three years from the commission of the offense, and not afterwards." It was objected that the trial court erred in charging the three years' limitation in this cause because, assault to rape being one of the degrees included in the crime of rape, under article 714 of the Code of Criminal Procedure, the limitation applicable to rape applies. *Held*, that the objection is not well taken; that the one year's limitation being restricted to rape it cannot control the minor degrees of that offense because the particular enumeration excludes offenses not enumerated, and, there being no special limitation fixed for the minor degrees, they fall within the purview of the general statute of three years.

6. SAME — PRACTICE.— Unless an issue of limitation be raised by the evidence on the trial, it is unnecessary that the charge of the court should present that issue.

7. ASSAULT TO RAPE — FACT CASE.— See the statement of the case for evidence *held* insufficient, under the indictment, to support a conviction for assault to rape, inasmuch as it shows the consent of the prosecutrix.

APPEAL from the District Court of San Saba. Tried below before the Hon. A. W. Moursund.

The opinion sets out the charging part of the indictment under which the appellant was convicted of an assault with intent to rape Willie Ogle, a female, in San Saba county, Texas, on the 10th day of April, 1885, and for which he was awarded a term of two years in the penitentiary.

Willie Ogle, the first witness for the State, testified that she was eight years old, and lived on Cherokee creek in San Saba county, with her mother, who married the defendant, witness's father being dead. Defendant and witness were alone together in the defendant's house, on the 10th day of April, 1885, which was Sunday. Witness's mother had gone to witness's grandmother's house. Witness's sister Nettie and · Annie Cowan were playing together just outside of the house. Defendant and witness lay down together on a pallet. Defendant unbuttoned his pants, took out his private member, pulled up witness's dress and got on top of witness. He, however, did not introduce his private member into witness, but got off of witness as Annie Cowan about that time came to the door.

Cross-examined, the witness said that defendant did not hurt her in the least. She made no outcry, nor did she say anything. Witness told no one about this transaction. Witness's mother, and her grandmother who lived in a house about twenty steps from defend-

ant's house, told witness what to say on this trial. Defendant lived at the same house until his arrest three or four months afterwards. He did not tell witness to say nothing about the transaction.

Re-examined, the witness said that no one told her what to say on this trial, but her grandmother told her to tell the truth at the examining trial before 'Squire Hanna, and, when witness came to this court, told her to repeat her statement made before 'Squire Hanna's court.

Mrs. Cowan testified, for the State, that her daughter Annie told her that she went to the door of the house in which the defendant, his wife and his wife's two children, Nettie and Willie Ogle, lived, and saw the defendant on top of Willie with his pants open and Willie's dress up. Willie Ogle was a female child about eight years old.

Annie Cowan testified, for the State, that she was ten years old. Witness and Nettie Ogle were playing in the yard near the defendant's house on Sunday, April 10, 1885. Witness left the play ground to go into the house to get a drink of water. When she got to the door she saw the defendant on top of Willie Ogle, his pants open and his private member protruding. Willie's clothes were up. Witness went back to the play ground and told Nettie what she had seen. She then looked through a crack near the chimney corner, and saw the defendant get up and button his pants. Some one called the defendant to witness's grandmother's house. Witness, on the next day, told her mother what she had seen.

Cross-examined, the witness said that the defendant did not see her, and did not get up when she stepped to the door. Willie did not see witness. No noise was made by defendant and Willie, and witness would have known nothing of what was going on had she not stepped to the door for the water and discovered them. Willie declined to join witness and Nettie on the play ground, and laid down on the pallet with the defendant. Quite a number of persons were at the house of witness's grandmother, a few steps distant. The examining trial of defendant was had some months after the occurrence described. Nettie Ogle was younger than witness but older than Willie. Defendant and his wife often quarreled.

Nettie Ogle testified, for the State, that when Annie Cowan came back to the play ground from the door of the house in which defendant and Willie Ogle were lying on a pallet, she, Annie, said to witness: "I saw a pretty!" Witness asked in reply: "Did you?" Nothing more was said at the time. Soon afterwards, being called, witness, Willie and Annie Cowan went to their grandmother's

house.   Defendant was not called, and did not go.   Witness did not see the defendant and Willie having connection.   She looked through the crack after Annie came back from the door, and saw the defendant sitting on the pallet, but, a trunk being in the way, could not see his pants in front, and did not know whether or not they were open.   Defendant remained at that house from the time of the alleged offense in April until the crops were laid by that summer.

The motion for new trial raised the questions discussed in the opinion.

No brief for the appellant.

*J. H. Burts,* Assistant Attorney-General, for the State.

White, Presiding Judge.   Appellant was convicted of an attempt to commit a rape.   The count in the indictment charging the offense of which he was convicted, omitting the formal parts, charged that defendant " did then and there wilfully, purposely and feloniously make an assault in and upon the person of Willie Ogle, a female, and did then and there by force attempt to ravish and carnally know her, the said Willie Ogle, without her consent and against her wish," etc.

One would naturally conclude that the female thus alleged to have been assaulted was over ten years; because the age is not stated and the act is alleged to have been committed by force " without her consent and against her wish."   Where the injured female is under the age of ten years it is neither necessary to allege in the indictment nor to prove on trial that the offense was committed " with or without consent and with or without the use of force, threats or fraud," because carnal connection with a female of such tender years is *per se* rape under any and all circumstances, whether with her consent or not.   (Penal Code, art. 528.)   Allegations, then, of force, threats and fraud should in such cases never be used.   Standard precedents and prescribed forms do not contain them.   (1 Whart. Prec. of Ind., 189, 190; 1 Bish. Crim. Proc., § 481; Willson's Crim. Forms, Nos. 374, 375, pp. 167, 168; *Mayo* v. *The State*, 7 Texas Ct. App., 342; *Gibson* v. *The State*, 17 Texas Ct. App., 574; 50 Conn., 578.)

In the case under consideration the evidence shows that the assaulted party was a female child eight years old and tended strongly, if it did not in fact, show her consent to the act.   In view of the allegation and the proof as to age, appellant's counsel asked a special instruction to the jury as follows: " The State having alleged that

the defendant made the assault upon Willie Ogle with intent to have carnal knowledge of her, without her consent, the State must prove that the said Willie Ogle did not consent to the act. The age of said Willie Ogle is immaterial in this case, as her age is not set forth in the indictment. If you believe from the evidence that the said Willie Ogle did consent to have intercourse with the defendant, you will acquit the defendant." This instruction was refused by the court, and a bill of exceptions was promptly reserved by the defendant.

Was the instruction the law of the case? We think so most clearly. Under the indictment, the allegations of force and that the act was without her consent and against her wish were allegations descriptive of the identity of the offense. Without them — there being no allegation that she was under the age of ten years — no offense would be charged; in other words, these allegations cannot be held or treated as surplusage, and by eliminating them enough be left in the indictment remaining to charge an offense. (*Mayo* v. *The State*, 7 Texas Ct. App., 342; *Gibson* v. *The State*, 17 Texas Ct. App., 574.)

The rule is that whenever there is a necessary allegation which cannot be rejected, yet the pleader makes it unnecessarily minute in the way of description, the proof must satisfy the description as well as the main part, since one is essential to the identity of the other. (1 Bish. Crim. Proc., § 485; *Warrington* v. *The State*, 1 Texas Ct. App., 168; *Holden* v. *The State*, 18 Texas Ct. App., 91; *Childers* v. *The State*, 16 Texas Ct. App., 524; *Davis* v. *The State*, 13 Texas Ct. App., 215; *Jones* v. *The State*, 12 Texas Ct. App., 424.) "No allegation, whether it be necessary or unnecessary, whether it be more or less particular, which is descriptive of the identity of that which is legally essential to the charge in the indictment, can ever be rejected as surplusage." (*Warrington* v. *The State*, 1 Texas Ct. App., 168.) It was error to refuse the special requested instruction of defendant as above copied.

There is another question in this case, which is of novel character owing to the language of our statutes bearing upon it. By express provision of the statute the crime of rape may be presented for prosecution within one year and not afterward. (Code Crim. Proc., art. 197.) No special limitation is fixed with regard to prosecutions for attempts to commit rape or assaults with intent to commit rape. (Penal Code, arts. 535, 503.) There is a general provision, however, to the effect that "an indictment for all other felonies may be presented within three years from the commission of the offense, and not afterward." (Code Crim. Proc., art. 199.)

It is contended that the court erred in charging the limitation of three years as applicable to this crime, and that the same limitation applies as fixed for rape, because rape is an offense including different degrees,— our statute expressly providing that "every offense against the person includes within it assaults with intent to commit said offense when such attempt is a violation of the penal law," and "every offense includes within it an attempt to commit the offense when such attempt is made penal by law." (Code Crim. Proc., art. 714, subdivis. 12 and 13.)

We can see no good reason why a prosecution for rape should be required to be commenced in one year and prosecutions for the minor degrees and grades of the crime should not be barred under three years. Such is, however, the law. With regard to other crimes admitting of and including degrees, there are also differences as to limitation between the major and minor degrees. Murder, for instance, is never barred, whilst its degrees, from manslaughter down, are. In rape, however, if the general provision quoted above applies to the degrees of rape, we have the anomalous condition that the major offense is barred sooner than any of its degrees. Acts of limitation being acts affecting the remedy only are peculiarly within the scope of legislative action and control, and are regulated by no inflexible rules as to the time prescribed within which they are to operate. They may then be changed, or may be fixed arbitrarily at any time, so as that they are not made to apply to rights already vested. But a right in a remedy merely cannot vest. (*Crawford* v. *Bender*, 33 Texas, 745.)

The fact that we cannot see the reason of the rule in such cases cannot render those rules of limitation nugatory, and the maxim that where the reason of the rule fails the law ceases to operate does not apply to limitations. The one year's limitation having been expressly restricted to the offense of rape cannot control the minor degrees of that crime, because the particular enumeration excludes offenses not enumerated, and, there being no special time fixed for the minor degrees, they would fall within the purview of the general statute of three years provided for "all other felonies." (Code Crim. Proc., art. 199.)

The court, therefore, did not err in its charge upon the limitation of the case. In this case there was really no occasion to charge as to limitation, because one year had not elapsed between the alleged commission of the offense and the commencement of the prosecution by the presentation of the indictment. And the rule is, that where there is no issue of limitation raised by the evidence it is unnecessary to charge the law of limitation. (*Hoy* v. *The State*, 11

Texas Ct. App., 32; *Vincent* v. *The State,* 10 Texas Ct. App., 331; *Cohen* v. *The State,* decided at the present term, *ante,* p. 224.)

But because the court erred in refusing to give the special requested instruction above discussed, and because the evidence shows consent on the part of the prosecutrix, and does not, therefore, sustain the allegations in the indictment, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*