## GUS TAYLOR v. THE STATE.

### No. 2383. Decided June 11, 1902.

**1.—Attempt to Rape—Indictment.**

By the terms of article 640, Penal Code, the definition of an attempt to rape excludes the question of assault; and where the indictment for that offense charges that it was made by assault and by means of this assault an attempt was made to ravish and have carnal knowledge of the female, it charges an assault with intent, and not an attempt to commit rape.

**2.—Same.**

Under an indictment charging an assault to rape, the accused can not be convicted of an attempt to rape.

**3.—Same.**

On a trial for attempt to rape, if the evidence shows a rape, or an assault with intent to commit rape, a conviction for attempt to rape is not sustained. See evidence held insufficient.

Appeal from the District Court of Jefferson. Tried below before Hon. J. D. Martin.

Appeal from a conviction of attempt to rape; penalty, two years imprisonment in the penitentiary.

The charging part of the indictment is set out in the opinion, and the opinion also sufficiently states the facts in evidence.

W. E. Miller, for appellant.

Rob't A. John, Assistant Attorney-General, for the State.—Appellant was charged with an assault with intent to rape upon a female under the age of consent. Appellant complains that the indictment is insufficient in that it does not set out force, threats and fraud. This is not necessary. An indictment for rape following the exact form as followed in this case for an assault to rape on a charge of rape alleged to have been committed upon a female under the age of consent was held sufficient in Gray v. State, 65 S. W. Rep., 375. The only difference in the allegation in the Gray case and this is that the Gray case charges that he did ravish and carnally know; and in this instance the charge is that he made an assault and did attempt to ravish and carnally know. This is a sufficient indictment to charge the offense of assault with intent to rape. Gray v. State, 65 S. W. Rep., 375; McAvoy v. State, 41 Texas Crim. Rep., 56.

It is conceded by the State that it is doubtful as to whether the offense of an attempt to rape can exist predicated upon a want of consent on the part of the prosecutrix, which is presumed by law, the victim being under the age of consent. In other words, whether the age of consent ever becomes an issue, where the crime charged is an attempt to rape, and not an assault with intent to rape. But the elements of an attempt to rape being that it is an overt act, going beyond the point of mere preparation, and falling short of an assault which involves that degree of force which will overcome all resistance, that being the case, it is submitted that the law which presumes that the female under a certain age is incapable of giving consent, applies to an attempt to rape as well as an assault with intent to rape; at least that seems to be the theory of this prosecution on behalf of the State. And if correct, the indictment properly pleads, the evidence amply sustains, and there was no error in either the charge of the court or in the refusal to give charges requested by appellant.

DAVIDSON, Presiding Judge.—Appellant was convicted of an attempt to commit rape, and given two years in the penitentiary.

Omitting formal portions, the charging part of the indictment is as follows, to wit: That Gus Taylor * * * "did then and there unlawfully make an assault in and upon the person of one Pearl Neylond, a female under the age of 15 years, and not being the wife of him, the said Gus Taylor, did then and there attempt to ravish and have carnal knowledge of the said Pearl Neylond, against the peace and dignity of the State."

Motion to quash the indictment was overruled. It will be observed that this indictment charges the assault was made upon the person of Pearl Neylond, and by means of this assault an attempt was made to ravish and have carnal knowledge of her. Under the authorities this seems to be sufficient to charge an assault with intent to commit rape.

The use of the word "attempt" is equivalent to charging an intent. 4 Texas Crim. App., 574; 7 Texas Crim. App., 342; 30 S. W. Rep., 1064; 38 Texas, 383. Of course this is not a sufficient charge upon which to predicate the offense of attempt to rape, because the very definition under article 640, Penal Code, excludes in an attempt to rape the question of assault. As an indictment for attempt to rape it would not be sufficient; but under the authorities above it sufficiently charges an assault with intent to commit rape.

The court in its charge defined an assault with intent to commit rape; and then submits alone the issue for the determination of the jury of attempt to commit the crime of rape. Under an indictment charging an assault to rape an accused can not be convicted of an attempt to rape. White's Ann. Penal Code, sec. 1052. Nor does the evidence support the crime of attempt to rape. Appellant was the stepfather of the girl; she was under 15 years of age. On the night of the alleged crime he took prosecutrix and her little sister from home along the streets of Beaumont and made them drunk, prosecutrix being very drunk. He finally carried them near the bank of the river, and while the younger sister was upon the bank pleading for the defendant to carry her and prosecutrix home he seized and took prosecutrix down the river bank near the edge of the water, against her will and over her protest; and when found there a little later, the girl was on her back, with her clothes up, and he lying by her side with his pants entirely unbuttoned. And the facts show beyond any question that she had at some time been having sexual intercourse, and the evidence indicates that it occurred with appellant upon this particular occasion. This testimony, if true, would show rather rape or an assault to rape. If he carried the girl forcibly over her protest and had intercourse with her, it was rape. If he did not accomplish it, it would be an assault to rape. The assault upon the girl, under the circumstances detailed, carried the case beyond mere preparation, and terminated it in the higher offense of assault to rape, if not in the consummated offense itself. So the testimony does not sustain the conviction of an attempt to rape. Warren v. State, 38 Texas Crim. Rep., 152; Waire v. State, 3 Texas Ct. Rep., 307.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*