## Charley Fowler v. The State.

### No. 1793.   Decided May 22, 1912.

**1.—Assault with Intent to Rape—Indictment—Attempt to Rape—Statutes Construed.**

Articles 608 and 640, Penal Code, create separate and distinct offenses, and an indictment under the latter statute must allege force, threats, or fraud; but where the indictment upon which defendant was tried sufficiently alleged an assault with intent to commit rape, as defined by Article 608, and the court submitted this offense to the jury, there was no error.

**2.—Same—Age of Consent—Force.**

Where the injured female is under the age of consent, it is neither necessary to allege in the indictment nor to prove on trial that the offense was committed with or without consent and with or without the use of force, threats, or fraud. Following Moore v. State, 20 Texas Crim. App., 275, and other cases.

**3.—Same—Indictment—Attempt to Ravish.**

Where the indictment alleged that defendant made an assault on the alleged female and did then and there attempt to ravish and have carnal knowledge of her, it sufficiently charged an offense under Article 608, Penal Code, and the use of the word "attempt" in lieu of the word "intent" was a sufficient compliance with the Code.

**4.—Same—Sufficiency of the Indictment—Assault with Intent to Rape.**

Where the indictment alleged that the defendant did unlawfully make an assault upon the person of a certain female named, under the age of fifteen years, not his wife, and that he did then and there attempt to ravish and have carnal knowledge of her, the same was sufficient, under Article 608, Penal Code. Approving Taylor v. State, 44 Texas Crim. Rep., 153, 69 S. W. Rep., 149. Distinguishing Wyvias v. State, 64 Texas Crim. Rep., 236, 142 S. W. 585.

**5.—Same—Charge of Court—Force.**

Where the indictment properly charged an offense on a female under fifteen years of age under Article 608, Penal Code, it was only necessary for the court to define what was meant by assault, and it was not necessary to define force, or state that the offense must have been committed by force.

**6.—Same—Alibi—Simple Assault—Reasonable Doubt.**

Where, upon trial of assault with intent to rape, the defense was an alibi, this did not present the issue of simple assault, and the court did, therefore, not err in not charging on the reasonable doubt as between degrees of an offense.

**7.—Same—Charge of Court—Alibi.**

Where, upon trial of assault with intent to rape, the defendant contended that the court should have submitted a more full and specific charge on alibi, but requested no charge, and the court submitted the doctrine of reasonable doubt, etc., there was no error. Following Jones v. State, 53 Texas Crim. Rep., 131.

**8.—Same—Newly Discovered Evidence.**

Where defendant's motion showed that the alleged newly discovered evidence could have been discovered by the use of ordinary diligence, and was only of an impeaching character, the same was correctly overruled.

Appeal from the District Court of Tarrant.   Tried below before the Hon. W. Swayne.

Appeal from a conviction of assault with intent to rape; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Lattimore, Cummings, Doyle & Bouldin,* for appellant.—On the question of the court's failure to apply the reasonable doubt to the degrees of the offense: Benevides v. State, 14 Texas Crim. App., 378; Conner v. State, 23 id., 378; Colchell v. State, id., 584; Blocker v. State, 27 id., 16; Tate v. State, 35 Texas Crim. Rep., 231.

On the question of the difference between the offense of assault to rape and that of an attempt to rape: Taylor v. State, 22 Texas Crim. App., 529, and cases cited in opinion.

On question of the court's charge on alibi: Ayres v. State, 21 Texas Crim. Rep., 399; Hunnicutt v. State, 18 id., 498; Rider v. State, 26 id., 334; Gallaher v. State, 28 id., 247; Oxford v. State, 32 Texas Crim. Rep., 272; Anderson v. State, 43 id., 275; Joy v. State, 51 S. W. Rep., 935.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case appellant was indicted for assault with intent to rape, the indictment reading as follows, omitting the formal parts: "did unlawfully make an assault in and upon the person of Cora Lee Stout, a female under the age of fifteen years; and not the wife of him, the said Charley Fowler, did then and there attempt to ravish and have carnal knowledge of the said Cora Lee Stout."

1. There is a judgment in the record overruling the motion to quash the indictment, but the motion itself does not appear in the record. Looking to the motion for a new trial, in paragraphs 6, 7 and 8, we find the complaint was made that the indictment attempted to charge appellant "with an attempt to commit rape" and was insufficient to charge that offense; and further that the indictment is insufficient to charge an "assault with intent to commit rape," and the court erred in submitting the latter offense to the jury.

This brings into review articles 608 and 640 of the Penal Code. In the cases of Brown v. State, 7 Texas Crim. App., 569; Burney v. State, 21 Texas Crim. App., 565; Taylor v. State, 22 Texas Crim. App., 529; Milton v. State, 23 Texas Crim. App., 204; Melton v. State, 24 Texas Crim. App., 284; Reagan v. State, 28 Texas Crim. App., 227, it is clearly held that these statutes create separate and distinct offenses, and by article 640 it is provided "if it appears on the trial of an indictment for rape that the offense, though not committed, was attempted by the use of any of the means spoken of in articles 634, 635 and 636, but not such as to bring the offense within the definition of an assault with intent to commit rape, the jury may find the defendant guilty of an 'attempt to commit the offense.'" Article 634 defines "force;" article 635, "threats," and article 636, "fraud." So the offense denounced by article 640 must be committed

by the use of force, threats or fraud as defined in those articles, and it is clear that the indictment, herein copied, does not charge nor seek to charge that offense, and the authorities quoted by appellant, showing that the indictment is insufficient to charge that offense, correctly state the law.

However, this case was not tried on the theory that the indictment charged the offense defined in article 640, and the court did not submit that offense to the jury, but it was claimed by the State that the offense charged in the indictment was an assault with intent to commit rape, as defined by article 608, and this is the offense the court submits to the jury for their determination.

Article 608 reads: "If any person shall assault a woman with intent to commit the offense of rape, he shall be punished by confinement in the penitentiary for any term of years not less than two." Under this article of the Code it has been held, to charge this offense on a female under the age of consent, it is unnecessary that force, threats or fraud were used. In the case of Moore v. State, 20 Texas Crim. App., 275, Judge White, speaking for the court, holds: "Where the injured female is under the age of ten years it is neither necessary to allege in the indictment nor to prove on trial that the offense was committed 'with or without consent and with or without the use of force, threats or fraud,' because carnal connection with a female of such tender years is per se rape under any and all circumstances, whether with her consent or not. (Penal Code, article 528). Allegations, then, of force, threats and fraud should in such such cases never be used. Standard precedents and prescribed forms do not contain them. (1 Whart., Prec. of Ind., 189, 190; 1 Bish., Crim. Proc., sec. 481; Willson's Crim. Forms, Nos. 374, 375, pp. 167, 168; Mayo v. The State, 7 Texas Crim. App., 342; Gibson v. The State, 17 Texas Crim. App., 574; 50 Conn., 578.)"

It is thus seen that in charging a violation of article 608 on a female under fifteen years it is only necessary to allege and prove that an *assault* was made with the intent to commit the offense of rape. In this indictment it is alleged that defendant made an assault on the female, and did then and there *attempt to ravish* and have carnal knowledge of the said Cora Lee Stout. In the case of Taylor v. State, 69 S. W. Rep., 149, it is held that an indictment drawn in terms similar to this one charges an offense under article 608, and the use of the word "attempt" in lieu of the word "intent" in the indictment is held to be a sufficient compliance with the Code. Mr. Bishop in his Procedure says: "It seems impossible to doubt that the only distinction between an 'intent' and an 'attempt' to do a thing is that the former implies the purpose only, while the latter implies both the purpose and an actual effort to carry that purpose into execution." Atkinson v. State, 34 Texas Crim. Rep., 424, 30 S. W. Rep., 1064; Hart v. State, 30 Texas Crim. Rep., 383; Brown v. State, 27 Texas Crim. App., 330; Witherby v. State, 39 Ala., 702;