## ROBERT SHOCKLEY v. THE STATE.

### No. 2499.   Decided October 22, 1913.

**1.—Attempt to Rape—Assault to Rape—Separate Offenses.**

It is the well established law of this State that an attempt to commit rape under article 1070, Penal Code, is an entirely separate and distinct offense from an assault with intent to commit rape under article 1029, Penal Code. Following Fowler v. State, 66 Texas Crim. Rep., 500.

**2.—Same—Indictment—Pleading—Surplusage.**

Where the indictment sufficiently charged an assault with intent to commit rape, and not an attempt to commit rape, the same was sufficient, although unnecessary allegations were used.

**3.—Same—Charge of Court—Submitting Wrong Offense.**

Where the indictment charged an assault with intent to commit rape, and not an attempt to commit rape, but the court submitted the question of an attempt to commit rape and excluded thereby an assault with intent to rape, the same was reversible error.

**4.—Same—Discussing Evidence—Practice on Appeal—Sufficiency of the Evidence.**

While it may be improper to discuss the evidence, yet it was sufficient to sustain a conviction for an attempt to rape if the defendant had been charged with that offense.

Appeal from the District Court of Limestone.   Tried below before the Hon. H. B. Daviss.

Appeal from a conviction of an attempt to commit rape; penalty, two years imprisonment in the penitentiary.

The State's evidence showed that defendant poured chloroform on the bed of prosecutrix in the night-time while she was asleep with another girl; that she was awakened by the smell; screamed, and defendant ran out of her room.

Defendant introduced evidence to show that he was just attempting to scare the girls.   This was his explanation, and several witnesses testified that it was one of his pastimes to scare and frighten members of his family.   He also contended that he did not know upon which one of the girls the chloroform was poured, nor did he know upon just what part of the bed it was being placed.   Evidence was also introduced tending to show that the chloroform would not have been effective in the way it was used to produce sleep, and defendant showed that he had been under the influence of chloroform and knew how to use it.   The preponderance of evidence showed that it was poured about a foot or more from the head of prosecutrix.

*Tirey & Tirey* and *Downs & Webb,* for appellant.—On question of insufficiency of indictment and the evidence:   Fowler v. State, 66 Texas Crim. Rep., 500; Duckett v. State, 150 S. W. Rep., 1177; Collins v. State, 66 Texas Crim. Rep., 602, 148 S. W. Rep., 1065; Cromeans v. State, 129 S. W. Rep., 1129; Balentine v. State, 56 Texas Crim. Rep., 23, 117 S. W. Rep., 972; Railsback v. State, 53 Texas Crim. Rep., 542, 110 S. W. Rep., 916.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted of an attempt to rape and his punishment fixed at two years in the penitentiary.

The indictment is in two counts. The first, after the necessary preliminary allegations, is that appellant "in and upon Estelle Shockley,' a woman, did make an assault with the intent then and there, by force, threats and fraud, and without the consent of the said Estelle Shockley, to commit rape in and upon her, the said Estelle Shockley, by then and there attempting by force, threat and fraud to rape, ravish, and have carnal knowledge of the said Estelle Shockley without her consent."

Likewise, the second count is, that appellant "did then and there unlawfully make and commit an assault in and upon the person of Estelle Shockley, a woman, and did then and there by force, threat, and fraud attempt to rape, ravish, and have carnal knowledge of the said Estelle Shockley without her consent and against her will."

It is the well established law of this State that an *attempt* to commit rape provided for by article 1070, Penal Code, is an entirely separate and distinct offense from an *assault* with intent to commit rape prescribed by article 1029, Penal Code. Fowler v. State, 66 Texas Crim. Rep., 500, 148 S. W. Rep., 576, and cases cited.

We think it clear that both counts of this indictment unquestionably allege an *assault* with intent to commit rape and not an *attempt* to commit rape. (See the form for an indictment for an *assault* with intent to commit rape given by Judge White in section 1050 of his Ann. Penal Code, and Judge Willson's form 478, p. 249, 4th Ed. For the form of an indictment charging an *attempt* to commit rape, see Judge White's form in section 1117 in his Ann. Penal Code, and Judge Willson's form 479, page 250.) While there are unnecessary allegations in the first count, we think it clearly charges an *assault* with intent to commit rape and not an *attempt*. It would, of course, have been better to have left out the unnecessary allegations in the first count, but including them in the count does not render it uncertain or bad so as to require that it be quashed. The court did not, therefore, err in overruling appellant's motion to quash the indictment or either count thereof.

It is also the well established law of this State and needs no citation of the authorities that no conviction for one offense can stand when there is no indictment therefor, but when the indictment is for an entirely separate and distinct offense. In this case the court, by his charge, submitted only the question of an *attempt* to rape and excluded, by his charge, an *assault* with intent to rape. This must necessarily result in a reversal of the judgment. Appellant raised and urged this point in various ways.

The appellant vigorously insists that the evidence is insufficient to sustain a verdict for an *attempt* to commit rape. As the case must be reversed, it would be improper for us to discuss the evidence, but the question of whether or not the evidence is sufficient to sustain a con-

viction is a question of law, and we are clearly of the opinion that the evidence in this case was sufficient to sustain a conviction for an *attempt* to rape.

The appellant has many complaints to various portions of the charge of the court. One is that the court erred in stating that the indictment charged an *attempt* to rape. This, of course, was good under the indictment, as shown above. If the case is tried again, under the indictment as it now stands, then, of course, the court must not submit the question of an *attempt* to rape at all, but instead, must give the proper charge under an *assault* with intent to rape. If another indictment is found charging both an *assault* with intent to rape, and an *attempt* to rape, and the evidence justifies, of course, both questions should be submitted to the jury.

As the case must be reversed, as shown above, it is unnecessary to pass upon any other question in the case. For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*