## ED. GARDNER v. THE STATE.

### No. 5306.   Decided March 26, 1919.

**1.—Assault to Rape—Indictment.**

Where, upon trial of assault with intent to rape, the indictment followed approved precedent, the same was sufficient. Following Taylor v. State, 44 Texas Crim. Rep., 153.

**2.—Same—Insufficiency of the Evidence—Insanity.**

Where, upon trial of assault with intent to rape, the entire testimony as appearing in the record on appeal is unreasonable, and the evidence strongly tended to show appellant's insanity, the judgment is reversed and the cause remanded.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Roby B. Seay, judge.

Appeal from a conviction of assault with intent to rape; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Oscar H. Calvert* and *Lafayette Fitzhugh,* for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—This is the second appeal in this case. See Gardner v. State, 82 Texas Crim. Rep., 38, 198 S. W. Rep., 312.

Appellant was convicted of assault with intent to rape a female under the age of fifteen years and his punishment fixed at two years confinement in the penitentiary.

Complaint is made of the insufficiency of the indictment, it being claimed by appellant that such indictment combined in one count the two offenses of assault with intent to rape and an attempted rape. Indictments almost identical in form have been before this court and held good. Taylor v. State, 44 Texas Crim. Rep., 153.

We have examined this record carefully, in view of the admission in the brief of the State, filed by the able Assistant Attorney General, that there is reversible error in that a large number of witnesses testified to the insanity of the appellant, and that no witnesses were placed upon the stand by the State to controvert this issue. This admission is made on the authority of the Kiernon case recently decided. It appears from the evidence that the appellant was a man seventy-two years of age, and he is shown by all of the witnesses to have been a man of the highest standing and character all of his life until a few years prior to the filing of this case, when failing health and advancing age caused his mental decay to such an extent as to induce numerous witnesses to testify that they believed him insane.

The alleged assaulted party is a girl only seven years of age, and the facts testified to by the eyewitnesses show that the assault occurred in the blazing noon, on the third step from the bottom of an open stairway, on the outside of a brick hotel, having a vacant lot next it, that this was in full view of street cars, jitneys, passersby, and the persons in nearby buildings; that men were at work at the foot of said stairs, and a man at work just behind the stairs, and that the two eye-witnesses who located themselves just across the alley and in plain view, watched the appellant with the child upon his lap for a length of time extending over ten to twenty minutes and made no outcry or movement to interfere or attempt to restrain what was being done. The entire testimony appears so unreasonable and the testimony of these eye witnesses as outlined above tend so strongly to corroborate the testimony as to appellant's insanity that the court is inclined to agree with the Assistant Attorney General.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*