## DAN HENSLEY v. THE STATE.

### No. 5142. Decided April 30, 1919.

#### 1.—Assault to Rape—Indictment—Rule Stated.

Where, upon trial of assault to rape, the language of the indictment followed approved precedent the same was sufficient. Following Schockley v. State, 71 Texas Crim. Rep., 475.

#### 2.—Same—Evidence—Res Gestae—Declaration of Prosecutrix—Resistance.

Where, upon trial of assault with intent to rape, the prosecutrix, immediately after the assault upon her, said to the defendant that if he did not stop treating her like he did she was going to tell the way he always treated her, ever since she was little, etc., the same was *res gestæ*, and and furthermore, was admissible to show the resistance she made at the time against the assault, and did not necessarily infer other transactions amounting to assaults.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial with intent to rape, the evidence was sufficient to support the conviction, there was no reversible error under a proper charge of the court.

Appeal from the District Court of Uvalde. Tried below before the Hon. Joseph Jones.

Appeal from a conviction with intent to rape; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*Ditzler H. Jones*, for appellant.—On question of insufficiency of the evidence. Cromeans v. State, 59 Texas Crim. Rep., 611, 129 S. W. Rep., 1129; Graybill v. State, 53 S. W. Rep., 851; Blair v. State, 60 Texas Crim. Rep., 363, 132 S. W. Rep., 358; Alexander v. State, 58 Texas Crim. Rep., 621, 127 S. W. Rep., 189.

*E. B. Hendrix*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Uvalde County, to which the cause had been transferred on change of venue from Val Verde County, of assault with intent to rape and his punishment fixed at confinement in the penitentiary for a period of twenty-five years.

The appellant was charged with an assault with intent to rape his own daughter, a girl sixteen years of age, the testimony showing that the assault, if any, was committed in a rooming house in which appellant and his daughter and a number of other people had rooms, the assault occurring eight p. m. on October 9, 1917.

Appellant moved to quash the indictment because the same charges no offense against the law, his contention being that the elements of the two offenses, assault with intent to rape, and attempt to rape, were so mingled and included in the one count submitted to the jury as to vitiate the indictment. The language of this indictment follows the language and form laid down by Mr. Wilson, which has been held sufficient by this court in many cases. See Wilson's Crim. Forms, 478; Taylor v. State, 44 Texas Crim. Rep., 153; Shockley v. State, 71 Texas Crim. Rep., 475.

Appellant further complains because of the fact that his daughter and the witness Mrs. Stoner were permitted to testify to statements made by the daughter in his presence and at or about the time the attack upon her ended. The daughter testified that just before the appellant ceased his attack, she looked up at him and said: "If you don't stop treating me like you are I am going to tell the way you always treated me ever since I was little." Mrs. Stoner testified that when she and the other people on the outside approached the room, after having heard the disturbance in the same, and the

door was pushed open that she saw the appellant push the prosecutrix back on the bed and heard her say directly: "Papa, if you don't quit that I will tell something on you that will cause my brother to kill you." Appellant contends that both said statements are inadmissible because not connected with the offense on trial, same could only prejudice and inflame the minds of the jury, and could throw no light on the issues involved. In our judgment both these statements come within the rules of *res gestae*. The daughter details the attack upon her, her struggles, the noises; the various statements made, the coming of the other people and the utterance of the language testified to by her apparently about the time of the arrival of the said other persons. The statement testified to by Mrs. Stoner was about the same time. Appellant argues that the length of time is not shown by the evidence. It is true that the number of moments are not stated by the witnesses, but all of the circumstances show that it was impossible for any considerable length to time to have elapsed after the assault and before the making of both the statements. We are further inclined to think appellant's construction placed upon the effect of the language used in both statements, is erroneous. Resistance of any kind to an attempted assault is admissible in evidence, whether same be in words or in acts, and one who is attacked may well use every means in her power to cause the assailant to desist, and threats to tell, whether of the assault then being made or of other matters, if made in an effort to defend against the assault or before the same is ended, may be given in evidence. The threat to tell the brother "something that would make him kill you," might, with every reason be held to be a threat to tell him of the very attempt to assault then being defended against, and the other treat testified to by the prosecutrix was but a form of resistance. It was not stated therein that she would tell of other assaults, and this is merely appellant's inference. We think the statements admissible. If appellant thought that the language given in evidence carried with it the inference of other transactions amounting to assaults, he should have asked the court to charge the jury not to consider the same for any purpose except as the same may fall within one of the exceptions against extraneous evidence, but he did not do this, and did not make any exceptions to the main charge for its failure to so limit such evidence.

The court did not err in overruling appellant's motion for an instructed verdict. The evidence of an assault was sufficient to submit that question to the jury. and in our opinion sufficient to justify the jury's finding appellant guilty . Appellant made a motion for a new trial upon the ground, among others, of newly discovered evidence. We have inspected said motion and find that it was supported only by an affidavit of the appellant's sister and the facts stated in her affidavit were such as we think could not have been newly

discovered matters to the appellant. Nor are the allegations in said motion sufficient to meet the requirements that same must be such as could not have been discovered by the appellant or his counsel by the use of all reasonable diligence. We are not prepared to say this case is without evidence to support it. The court's charge submitted both assault to rape and aggravated assault to the jury and the jury under the facts rejected the aggravated assault theory and found the appellant guilty of assault with intent to rape. The appellant did not testify in his own behalf and there is no question from the testimony of the daughter and of the lady who kept the house but that there was a struggle between the daughter and the father and an effort on his. part to have intercourse with her, either by force or with her consent. The charge was so satisfactory to the appellant that no exception was taken to the same and we think the facts are sufficient to support the verdict.

No reversible error appearing. the judgment of the lower court is affirmed.

*Affirmed.*