## LEVI M. TEEL, JR. V. THE STATE.

No. 16650. Delivered April 25, 1934.

The opinion states the case.

*Earl M. Greer,* and *Lewis O. Orsborn,* both of Wills Point for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for aggravated assault, punishment assessed being six months imprisonment in the county jail and a fine of fifty dollars.

Prosecution was under an indictment which charged appellant with assault with intent to rape which follows the form found in section 1686, Branch's Ann., P. C. It has been approved in Taylor v. State, 44 Texas Crim. Rep., 153, 69 S. W., 149; Gardner v. State, 85 Texas Crim. Rep., 103, 210 S. W., 694; Hensley v. State, 85 Texas Crim. Rep., 260, 211 S. W., 590; Shockley v. State, 71 Texas Crim. Rep., 475, 160 S. W., 452; Jackson v. State, 117 Texas Crim. Rep., 51, 35 S. W. (2d) 409. The offense charged embraced that of aggravated assault.

At the time of the alleged offense prosecutrix was living in an automobile camp near Edgewood in Van Zandt County. According to her testimony appellant came to her tent at night and represented to her that a party in Dallas had sent him to take her away because the officers in Van Zandt County were planning to "frame" her and if she would go to Dallas she could avoid arrest and trouble. She left in a car with him. Soon after they left, over her protest and against her will he began to fondle her person, insisting that she have sexual intercourse with him. She resisted his advances and left the car and went to the home of a man by the name of Rusk, who lived in Rains County, but near the line between that county and Van Zandt County. Appellant's story is in contradiction of that told by prosecutrix. He claimed to have theretofore purchased sexual favors from her and also intoxicating liquor, and testified that on the occasion under investigation he was taking prosecutrix at her request from Edgewood to a point where she could catch a bus to Dallas. He finally went to sleep in the car, and when he woke up prosecutrix was gone, and likewise sixty-five dollars of his money.

The court submitted assault with intent to rape and aggravated assault. The evidence of prosecutrix did not show that degree of force used by appellant which would have sustained a conviction for assault with intent to rape, and the jury, accepting her story, very properly found him guilty of an aggravated assault.

Appellant requested the court to direct a verdict of acquittal, claiming that if any offense was committed the evidence showed it occurred in Rains County and not in Van Zandt County. The court refused the peremptory instruction, but submitted the issue to the jury, which was proper under the evidence.

Bill of exception number three brings forward complaint that over objection of appellant the State was permitted to prove by prosecutrix that appellant had assaulted her in Rains County, it being appellant's contention that this introduced before the jury an extraneous crime that was calculated to inflame the jury against appellant. The court qualified the bill as follows: "This witness testified as to several assaults of a continuous nature; detailed her ride with the defendant from Edgewood in Van Zandt County and liberties attempted by the defendant throughout their ride together; she testified as to assault or assaults before arriving at Sabine River as well as to his conduct on other side of Sabine River, that she did not know where the county line was, knew nothing about Rains County or the boundary line and did not testify as to Rains County, but detailed the trip and happenings from beginning to end of their trip. The defendant, by other evidence, other than this witness, afterwards proved on introducing evidence which tended to prove that Sabine River was the boundary line of Van Zandt and Rains Counties."

Bill of exception number four reveals that appellant sought to prove by Mrs. Lizzie Teel a conversation had over the telephone with T. K. Irwin at Dallas. This was purely hearsay and the court properly sustained the State's objection.

Finding no error in the record upon which a reversal could be properly predicated the judgment is affirmed.

*Affirmed.*