No. 2483.

## S. A. MELTON *v.* THE STATE.

1. ASSAULT WITH INTENT TO RAPE.—ATTEMPT TO RAPE, as that offense is defined by article 535 of the Penal Code, is an offense distinct from rape or assault with intent to rape, and comprehends elements different from those which combine to constitute either of those offenses.

2. SAME—PRACTICE.—The indictment in this case charged, in the first count, an assault with intent to commit rape, and in the second count an at-

Opinion of the court.

tempt to commit rape. The State elected to prosecute upon the second count, and the conviction was had under that count. One of the grounds relied upon in the motion to quash the second count was that there can be no conviction for attempt to rape except on a trial for the specific offense of rape. *Held* that the motion to quash was properly overruled, an attempt to rape being a substantive offense for which an indictment may be found and a conviction had.

3. ATTEMPT TO RAPE—FACT CASE.—See the statement of the case in Melton v. The State, 23 Texas Court of Appeals, 204, for evidence *held* sufficient to support a conviction for attempt to rape.

APPEAL from the District Court of Navarro. Tried below before the Hon. Sam. R. Frost.

The conviction in this case was for an attempt to rape one Allie J. McIntyre, and the penalty assessed was a term of four years in the penitentiary.

The transaction upon which this prosecution was predicated is the same upon which the appellant was previously prosecuted to conviction under an indictment charging him with an assault with intent to rape the said Allie J. McIntyre, and which conviction was reversed by this court at its Galveston term, 1887, upon the ground that the evidence on the trial would not support the conviction for the offense charged. That case will be found fully reported in the twenty-third volume of these Reports, commencing on page 204. The evidence adduced upon that trial, and set out at length in the report of the same, is identically the same evidence adduced upon this trial from the same witnesses.

*Read, Greer & Greer*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. The indictment in this case charges an assault with intent to rape, in the first count, and an attempt to rape in the second.

After the evidence was in, the district attorney elected to prosecute upon the second count alone. Appellant had moved to quash this count, upon the grounds: 1, because there is no such offense known to the laws of this State as attempt to rape; 2, because there can be no conviction for an attempt to rape, except on a trial for the offense of rape; 3, because it is not a different mode of alleging the same offense that it alleges a breach of a different statute.

Article 535 of the Penal Code provides that, "if it appears on the trial of an indictment for rape that the offense, though not committed, was attempted by the use of any of the means spoken of in articles 529, 530 and 531, but not such as to bring the offense within the definition of an assault with intent to commit rape, the jury may find the defendant guilty of an attempt to commit the offense, and affix the punishment prescribed in article 513"—that is to say, the same as for an assault with intent to commit rape.

It is conceded by appellant that, if the accused were on trial for the substantive offense—rape—and the evidence fails to establish rape, or an assault to rape, he might be legally convicted of the attempt. If this be so, there is evidently a distinct offense known as an "attempt to commit rape," with elements different from rape or assault to rape. There being such an offense, the grand jury are not required to indict for rape, thus presenting a falsehood in order to charge the lesser offense, but may and, where there is no rape or assault to rape, should indict for the attempt to rape—the offense indicated by the evidence. That this offense has elements which do not constitute a technical assault is clearly demonstrated in a number of cases decided by this court. (Williams v. The State, 1 Texas Ct. App., 90; Burney v. The State, 21 Texas Ct. App., 565; Moore v. The State, 20 Texas Ct. App., 275; Melton v. The State, 23 Texas Ct. App., 204; Taylor v. The State, 22 Texas Ct. App., 529.)

If the accused can legally be convicted of the offense of an attempt to commit rape under an indictment for the substantive offense, we can not perceive upon what ground he can complain of a conviction for the attempt under an indictment which distinctly charges the acts constituting the crime for the commission of which he is sought to be punished.

We are of opinion that the court did not err in refusing to quash the second count in the indictment; in other words, it is correct and legitimate practice, where the facts warrant it, to indict directly for the attempt, just as in a case for an assault with intent to rape, there being no evidence tending to establish rape.

As the facts in this record are the same as presented on the former appeal, and as this court held that they did not support the verdict, and the judgment was reversed, counsel for appellant insist that this judgment should, for the same reason, be reversed. Looking to the record on the first appeal, counsel's

conclusion by no means follows. The first trial was had upon an indictment charging an assault with intent to commit rape by means of force alone. We held that this allegation was not supported by the proof, and that the evidence presented a case in which the means used was fraud and not force. When the mandate went down, the district attorney procured another indictment, the second count of which—that upon which appellant was convicted—alleges an attempt to commit rape by threats and fraud, thus covering the defect in the first indictment and making it conform to the actual facts of the case.

It is expressly stated in the opinion of Judge Willson that the evidence then before us was amply sufficient to sustain a conviction for the offense of an attempt to commit rape by means of fraud. (Melton v. The State, 23 Texas Ct. App., 204.) We think so still, and, finding no error, the judgment must be affirmed.

*Affirmed.*