### John McAdoo v. The State.

*No. 914.   Decided March 25th, 1896.*

**Attempt to Commit Rape—Charge—Force.**

On a trial for rape, where the issue is as to an attempt to commit rape, the court should distinctly charge the jury with regard to the character of force necessary to be proved; that is, that it must be the same character of force as is required to constitute rape, or assault with intent to commit rape; and, that the defendant must have intended, at the time, to accomplish his purpose by the use of such force; and, if the degree or amount of force used was not such as to constitute assault with intent to rape, but was an endeavor to rape the prosecutrix, carried beyond mere preparation, then find him guilty of an attempt to commit rape.

Appeal from the District Court of Wichita.   Tried below before Hon. George E. Miller.

This appeal is from a conviction for attempt to commit rape—penalty, two years' imprisonment in the penitentiary.

The case is stated in the opinion.

*Carrigan & Montgomery,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HURT, Presiding Judge.—Appellant was convicted under an indictment charging him with rape, of an attempt to commit rape, and given two years in the penitentiary, and prosecutes this appeal.   Appellant reserved several bills of exceptions to the charge of the court on rape, and assault with intent to commit rape; but, as the jury found the appellant guilty of an attempt to rape, it will not be necessary to notice the charges of the court, as presented in said exceptions, save as they may have a bearing on the offense of which the appellant was convicted. Appellant's third bill of exceptions brings in review the charge of the court on an attempt to commit the offense of rape.   Said portion of the charge objected to is as follows:   "If it appear on the trial of an indictment for rape that the offense, though not committed, was attempted by the use of force, but not such as brings the offense within the definition of an 'assault with intent to commit rape,' the jury may find the defendant guilty of an attempt to commit the offense of rape.   An 'attempt' is an endeavor to accomplish a crime, carried beyond mere preparation, but falling short of the ultimate design in any part of it."   "If you fail to find the defendant guilty of rape, or of an assault with intent to commit rape, and find and believe from the evidence, beyond a reasonable doubt, that the defendant, John McAdoo, in Wichita County, Texas, in the month of July, A. D. 1895, by the use of force, but not such force as to bring the offense within the definition of an assault with intent to commit rape, attempted to commit rape upon Maggie Cook, then you will find

the defendant guilty of an attempt to commit rape." Appellant objected for the following reasons: "(1) Because said charges are not applicable to the case as made by the evidence, in that there is no proof of an attempt to commit rape, as distinguished from an assault with intent to commit rape; the evidence for the State showing a violent assault and an actual rape, or at least a violent assault with intent to rape. (2) Because there is no evidence authorizing a charge on attempt to commit rape. (3) Because said charge fails to define the offense of assault with intent to commit rape, and fails to tell the jury what facts they must find in order to convict of such attempt. (4) Said charge fails to tell the jury what degree of force the defendant must have intended to use, and fails to tell the jury that he must have intended to use such force as was reasonably calculated to overcome all resistance on the part of the woman, taking into consideration the relative strength of the parties, and the other circumstances of the case, and, in effect, tells the jury that, even if defendant did not intend to use such force as was necessary to overcome resistance, they might still convict him of an attempt to rape."

The evidence on the part of the State showed that the prosecutrix, a girl about 15 years old, and her little sister, about 10 years of age, and her little brother, about 8 years of age, had been out hunting grapes, and they came to a vacant house, and stopped to rest aud get some water, and after they had been there a short time the defendant came up. The prosecutrix testifies that she had seen the defendant once before, about a month before that time. He was about 19 years old, and lived in the neighborhood. The defendant came in the house, went into the room where there was an old mattress lying on the floor, called the prosecutrix's little brother to him, and told him to tell his sister to come there. She came to the door, and the defendant caught her by the arm, as she testifies, pulling her in. He asked her what she was good for, and jerked her, and hit her on the head and back, and threw her down on the mattress. As he was doing this, she screamed once. He then pulled up her clothes, unbuttoned his drawers, put his finger in her privates, and then put his male organ into her privates, jobbed up and down on her, stayed on her about five minutes, and then got off. She was crying while he was doing this. When she got up her brother and sister were gone, and she saw them about a half mile on their way towards home, and she followed and caught up with them. She told her mother that evening that the defendant beat and bruised her. It does not appear that she spoke of the rape at that time. The little sister of the prosecutrix testified to seeing the defendant pull her sister into the room, and heard him throw her down on the mattress, and that she went around the house and peeped into the room through a crack, and saw him on top of her sister, jobbing up and down, and her sister was crying at the time. An older brother of the prosecutrix testified: That after she came home crying, and told her mother that the defendant had beaten her, he got on his horse that evening and went over to the defendant's and asked him if it was true that he had beat and abused his

sister Maggie.   The defendant replied:   "No; but I can tell you what I did do.   I tried for a little."   That he then went down and made complaint against the defendant for assault with intent to rape.   Charley Keys testified, that he was County Attorney of Wichita County; that A. C. Cook made complaint against the appellant for assault with intent to rape on the same day, which was July 5, 1895, and on the next day Maggie Cook and her mother came to his office, and he asked her about the affair, and she told him that the defendant pulled up her dress and put his male organ into her.   Two physicians testified, that on the evening of July 6th they examined the private parts of Maggie Cook, and found no laceration whatever of the parts, and found no evidence of the deposit of semen about the drawers or clothing, and that the hymen was intact.   This is, in substance, the entire evidence in the case.

If the testimony of the prosecutrix is to be credited, nothing short of rape was committed upon her.   If her testimony and that of her little sister are taken in connection with the testimony of the physicians, there may have been rape—that is, the very slightest penetration of the parts—or an assault with intent to commit rape, and nothing less than that.   As we understand it, the statute requires the same character of force, and the same intent to use the same amount of force, to constitute an attempt to rape, that it takes to constitute an assault with intent to rape—that is, the character of force to be used in either is the same force as is applicable to assault and battery; and it must have been such as might reasonably be supposed sufficient to overcome resistance, taking into consideration the relative strength of the parties, and the other circumstances of the case.   Art. 640, New Rev. Crim. Code, under which this conviction was had, provides:   "If it appear on the trial of an indictment for rape that the offense, though not committed, was attempted by the use of any of the means spoken of in Articles 634, 635 and 636, but not such as to bring the offense within the definition of an assault with intent to commit rape, the jury may find the defendant guilty of an attempt to commit the offense," etc.   The learned judge, in trying this case below, in the charge before quoted, and excepted to by appellant, appears to give this article, in substance, to the jury.   The contention of the appellant, however, is that he should have more specifically told the jury what degree of force the defendant must have intended to use, and that they must believe that at the time of the attempt he intended to use such force as was reasonably calculated to overcome all resistance on the part of the woman, taking into consideration the relative strength of the parties, and other circumstances of the case, before they would be authorized to convict him.   To our minds, a proper construction of the statute in question means that, at the time of the alleged attempt, it was the intent of the party to use the same force as would make him guilty of rape, or of an assault with intent to rape, but in the actual attempt he fell short in the use or application of such force as would bring the offense up to an assault with intent to rape; for, when the force used amounts to an assault, then it ceases to be a mere attempt, but would be

an assault with intent to commit rape—that is, the two offenses come together; when the attempt ceases, the assault begins, and takes its place; and, if the force actually used is such as to constitute the offense an assault with intent to rape, then it is no longer a mere attempt. The court, following the statute, charged the jury, "that if they believed the defendant, by the use of force, but not such as to bring the offense within the definition of an assault with intent to commit rape, attempted · to commit rape upon Maggie Cook, then find him guilty of an attempt to rape." By this charge the jury might be inclined to believe (especially when we look to the facts of the case) that an attempt to commit rape could be accomplished by the use of less force than is required to constitute an assault with intent to commit rape. While this may be true, in one sense, judged by the degree of the assault, yet the question as to force directly appertains to the intent of the party at the time he makes the attempt, and he must have in his mind at that time the purpose and intent to use the same character and the same degree of force, as stated before, necessary to accomplish the purpose of either rape, or assault with intent to commit rape. And in this case, if the judge was authorized to submit to the jury the issue of an attempt at all (which is very doubtful), he should have distinctly stated to them the character of force that should be used, and that it must be the same character of force required to constitute rape, or an assault with intent to rape, and that the party must have intended at the time to accomplish his purpose by the use of such force, and that if the degree or amount of force used was not such as to constitute the offense an assault with intent to rape, but it was an endeavor on his part to rape the prosecutrix, and he carried the same beyond mere preparation, then to find him guilty of an attempt to commit rape. This was not done, and for the failure of the court to present this issue in a clear and distinct manner the judgment of the lower court is reversed, and the cause remanded.

*Reversed and Remanded.*