## Richard Wyvias v. The State.

### No. 1418.   Decided December 6, 1911.

### Rehearing denied January 17, 1912.

**1.—Attempt to Rape—Indictment—Charge of Court.**

Where the indictment alleged an assault to rape, and an attempt to rape, of which latter offense defendant was convicted, and the court charged the law applicable to an assault to rape only, the conviction could not be sustained.

**2.—Same—Indictment—Force—Fraud—Threats.**

An indictment for attempt to rape must allege that it was done either by force, threats, or fraud, although the female upon which it was committed was under the age of consent; and the evidence must sustain this allegation.

**3.—Same—Verdict—Charge of Court.**

The verdict of a jury must be responsive to the charge of the court as well as to the allegations in the indictment.

**4.—Same—Insufficiency of the Evidence.**

Where, upon trial of attempt to rape, the evidence does not show force, or that character of force which is required in such cases, the conviction can not be sustained.

Appeal from the District Court of Potter.   Tried below before the Hon. J. N. Browning.

Appeal from a conviction of an attempt to rape; penalty, twenty-five years in the penitentiary.

The opinion states the case.

*Crudgington & Umphres* and *Lloyd Fletcher,* for appellant.—On question of the charge of the court on an assault to rape: McAvoy v. State, 41 Texas Crim. Rep., 56, 51 S. W. Rep., 928; Bryant v. State, 79 S. W. Rep., 554; Railsback v. State, 53 Texas Crim. Rep., 542, 110 S. W. Rep., 916.

On insufficiency of the evidence:   Gazley v. State, 17 Texas Crim. App., 267; Lawson v. State, id., 292; McGee v. State, 21 id., 670; Draper v. State, 57 S. W. Rep., 655; Bozeman v. State, 31 id., 389; Kee v. State, 65 id., 517; Alcorn v. State, 94 id., 468; Dusek v. State, 48 Texas Crim. Rep., 519.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of sufficiency of evidence of assault to rape:   Cromeans v. State, 59 Texas Crim. Rep., 611; Herbert v. State, 49 Texas Crim. Rep., 73; Croomes v. State, 40 id., 672; McAvoy v. State, 41 id., 56; Morris v. State, 13 Texas Crim. App., 65; Crumes v. State, 28 id., 516.

DAVIDSON, Presiding Judge.—The indictment contains two counts, the first charging appellant with intent to rape, and the second count undertakes to charge an attempt to rape.   Omitting formal parts of the second count, it reads as follows:   "Richard Wyvias, a male, did then and there unlawfully make and commit an assault in

and upon Alda Bilbo, a female, who was then and there under the age of fifteen years and was not the wife of the said Richard Wyvias; and the said Richard Wyvias did then and there unlawfully attempt to ravish and have carnal knowledge of the said Alda Bilbo," etc. Conviction was under the second count.

The evidence is in direct conflict. The defendant denied absolutely all connection with the transaction, or his presence at the time and place about which the State witnesses testified. The evidence for the State is, substantially, that on Sunday night, some time after dark, appellant laid the alleged assaulted party on the ground for the purpose of having intercourse with her. The girl testifies that he entered her person and hurt her a little but not much. There is some evidence of discharge of semen found on the clothes of the girl as testified by the mother. Two physicians, at the instance of the city marshal, made a critical examination of the girl. Their testimony excludes any idea of penetration or any bruises about her person. We deem it unnecessary to mention the testimony introduced by appellant further than to state that the evidence of himself and two other witnesses exclude his presence at the time and place of the alleged act.

1. The court submitted only the law applicable to an assault with · intent to commit rape upon a girl under fifteen years of age. The jury convicted under the second count, which undertook to charge an attempt to commit rape. Several questions are raised suggesting the insufficiency of the indictment, of the testimony as well as the fact that the jury convicted on the second count, which was not submitted to them by the charge. We are of opinion all three of the questions require a reversal of the judgment. An inspection of the charging part of the indictment quoted shows clearly that the motion in arrest of judgment should have been sustained, and that it does not charge an attempt to commit rape. This question has been before the court in quite a number of cases, and it would seem hardly necessary to review the question again. In every case that has been called to our attention where the indictment or the evidence was insufficient in this character of case, the judgment has been reversed on both propositions. The indictment fails to allege that the attempt was made either by force, threats or fraud. It will be remembered that in this offense the age of the prosecutrix does not enter into the offense. In an indictment for attempting to commit rape, the character of force necessary to be charged is that it must be the same as that required in the ordinary rape by force. Warren v. State, 38 Texas Crim. Rep., 152; Taylor v. State, 44 Texas Crim. Rep., 153; Waire v. State, 64 S. W. Rep., 1061; Holloway v. State, 54 Texas Crim. Rep., 65 et seq.; Moon v. State, 37 S. W. Rep., 741; Milton v. State, 23 Texas Crim. App., 204.

It has also been held that an accused can not be convicted of an attempt to commit rape on a female under the age of fifteen years unless it be shown that he intended to use force, and such force was

reasonably supposed to be sufficient to overcome all resistance. Same authorities. Under these cases the indictment is not sufficient, and the motion in arrest of judgment should have been sustained as to the second count.

2. The court submitted only the issue of an assault with *intent to commit rape* upon a girl under fifteen years of age. A conviction *for an attempt* to commit rape could not be had under that count of the indictment. Nor could it be had even had the court submitted the second count for the consideration of the jury, because that count only charges an attempt to rape on a girl under fifteen years of age, and it entirely omits the necessary allegations of force. The verdict of the jury must be responsive to the charge of the court as well as to the allegations in the indictment. A jury can not convict of an *attempt* to rape under an allegation of assault with *intent* to commit rape. Authorities above cited.

3. The evidence does not show force, or that character of force which is required in cases of attempt to rape. Authorities already cited.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Rehearing denied January 17, 1912.—Reporter.]