## GEORGE BOYD v. THE STATE.

### No. 2690.　Decided January 21, 1914.

**1.—Rape—Sufficiency of the Evidence.**

Where, upon trial of rape upon a female under the age of consent the evidence sustained the conviction, there was no reversible error on that ground.

**2.—Same—Charge of Court—Objections to Charge.**

Where, upon trial of rape on a female under the age of consent, the court's charge substantially, if not literally, followed the statutes and precedent, and defendant's complaint thereto was general and did not point out any specific error, there was no reversible error.

**3.—Same—Age of Prosecutrix—Evidence.**

Where, upon trial of rape, the girl was permitted to testify that she was fourteen years old, and on cross-examination said she was fourteen years of age because her mother had told her so, there was no error.

**4.—Same—Evidence—Age of Prosecutrix—Bible.**

Where, upon trial of rape upon a female under age, the defendant himself swore that she was under fifteen years of age, the fact that she was permitted to testify that the old Bible in which her age was first written down was so torn up and obliterated that under her mother's direction she had written this in another Bible, there was no reversible error.

**5.—Same—Evidence—Res Gestae.**

Upon trial of rape, upon a female under age, there was no error in permitting the prosecutrix to testify as to various acts of mistreatment of her and her mother by defendant during the time when defendant first began to have sexual intercourse with prosecutrix up to its conclusion, the same being a part of the res gestae.

**6.—Same—Evidence—Bills of Exception.**

Where defendant accepted the bill of exceptions as qualified by the court he is bound thereby, and even if some isolated part of the testimony was inadmissible but the defendant did not object thereto specifically, and a part of such testimony was admissible, there was no reversible error. Following Pinkerton v. State, 160 S. W. Rep., 87, and other cases.

**7.—Same—Evidence—Bill of Exceptions—Res Gestae.**

Where the evidence complained of, in a trial of rape, was a part of the res gestae of the particular act testified to by the witness, there was no error; besides, the bill of exceptions was defective.

**8.—Same—Evidence—Bill of Exceptions.**

Upon trial of rape, prosecutrix when asked why she did not tell her mother sooner, she replied because defendant said he would kill her and her mother both if he found it out, there was no error; besides, the bill of exceptions was defective. Following Warren v. State, 54 Texas Crim. Rep., 443.

**9.—Same—Evidence—Consent—Res Gestae.**

Where, upon trial of rape upon a female under the age of consent, the prosecutrix's testimony that the acts of carnal intercourse were had by defendant without her consent was a part of the res gestae, and there was no error.

**10.—Same—Evidence—Physical Examination of Prosecutrix.**

Where, upon trial of rape upon a female under age, testimony as to the physical examination of prosecutrix by physicians was admitted in evidence which was pertinent to the issue of penetration, there was no error.

**11.—Same—Evidence—Rebuttal.**

Where the defendant had testified that his wife had not left home at a certain time to show that he could not have committed the rape, there was no error in admitting testimony in rebuttal thereof.

**12.—Same—Evidence—Rebuttal.**

Where, upon trial of rape upon a female under the age of consent, the defendant testified that he left the house with his wife at a certain hour and that he, therefore, could not have committed the alleged rape, there was no error in admitting testimony in rebuttal thereof.

**13.—Same—Charge of Court—Objections to Court's Charge.**

An objection that the court erred in refusing to give in his charge to the jury the requested special charges Nos. 4 and 5, and did not point out any matter for review, the same could not be reviewed on appeal; besides, the court's main charge was correct.

**14.—Same—Attempt to Rape—Charge of Court.**

Where the act of carnal intercourse upon which the State relied for a conviction showed penetration, in a trial for rape, there was no error in the court's failure to charge on the law of attempt to rape.

**15.—Same—Evidence—Husband and Wife—Agreement.**

Where the parties agreed, upon trial of rape, that defendant's wife would testify that she at no time saw the defendant and prosecuting witness have sexual intercourse together or attempt to do so, and that this was true, and the jury so instructed, there was no error in not reopening the case to permit the defendant to ask his wife other questions, defendant refusing to divulge upon what subject.

Appeal from the District Court of Jefferson. Tried below before the Hon. John M. Conley.

Appeal from a conviction of rape; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane;* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—The indictment properly charged rape of a girl under fifteen years of age. Her name was Louisa Boyd and she is the daughter of appellant. The offense is alleged to have been committed on December 24, 1912. The jury found him guilty and assessed his punishment at seven years confinement in the penitentiary.

The evidence is amply sufficient to sustain the conviction. The girl testified that the first act was committed about May 27, 1912, and at various times up to and including about January 3, 1913. The prosecuting officer elected, and the court by the charge followed his election, submitting only the offense on December 24, 1912, as the indictment so charged. Appellant himself denied intercourse with his daughter at any time. Under this state of fact this court can not disturb the verdict.

Appellant's first bill complains of this portion of a paragraph of the

court's charge: "To constitute the crime of rape, it is necessary that penetration be shown, but, if penetration is shown to have actually taken place as a matter of fact, the degree of penetration is immaterial. 'Penetration' as herein used means the penetration of the female organ of the female with the male organ, or penis, of the male." The preceding part of the paragraph is: "Rape is the carnal knowledge of a female under the age of fifteen years other than the wife of the person having such carnal knowledge, with or without her consent, and with or without the use of force, threats or, fraud." His exception to this is that it was not applicable to the facts and did not correctly present the law in the case and was a charge upon the weight of the evidence. This complaint is entirely too general and points out no specific error. This part of the charge substantially, if not literally, follows the statute and the many decisions of this court.

The girl was permitted to testify that she was fourteen years old. On cross-examination she said she was fourteen because her mother had told her so. This was admissible. Its weight was for the jury.

By another bill he complains that the girl was permitted to tell and show that the Bible showed her age, she showing that the old Bible in which her age was first written down was so torn up and part of it lost, and that at her mother's instance and direction she had written this in another Bible. In approving appellant's bill to this evidence the court qualified it by stating there is no controversy about her age, and her father, the defendant, testified that she was under fifteen. Even if there had been any error in permitting her to testify about the Bible and what it contained and how her age came to be written therein, it is all cured or rendered harmless by the fact that the appellant himself swore that she was under fifteen years of age.

By another bill appellant complains that the girl was permitted to testify as to various acts of mistreatment by appellant of her and her mother during the time practically from when he first began having sexual intercourse with her up to its conclusion. The court, in allowing the bill, stated: "The evidence complained of does not relate to segregated occurrences, but that it all in some way is connected up with and leads to each of the several acts of sexual intercourse between the defendant and prosecuting witness, and is therefore a part of the res gestae. This evidence was admitted under the rule announced in the Battles case, 63 Texas Crim. Rep., 147, 140 S. W. Rep., 783." Appellant accepted this bill as qualified and is bound thereby. The testimony of this girl makes about forty-eight typewritten pages. In addition, the appellant himself introduced thirty-one typewritten pages of her testimony taken down in an examining trial when appellant was first arrested on this charge. Even if some isolated part of this testimony had not been admissible the appellant did not object to that specifically, but objects to a whole mass of such matter in one bill. Unquestionably, even to take the bill alone, without any qualification, a part of such testimony was admissible. In such case the bill presents no error. Ortiz v. State, 68

Texas Crim. Rep., 524, 151 S. W. Rep., 1056; Pinkerton v. State, 71 Texas Crim. Rep., 195, 160 S. W. Rep., 87, and authorities cited in both of said cases; 1 Thompson on Trials (2 Ed.), sec. 696. This bill presents no error.

By another bill, without any statement of the connection in which it was introduced, or without in any other way stating the status of the case on the evidence, appellant objected to this much of said girl's testimony, viz: "When I started to cry and he stopped trying to penetrate me and he finished between my legs. I picked up my drawers and wiped myself on them and I showed them to mamma when she come in." The court, in approving the bill, does so with this qualification: "The court did not allow any evidence of the conversation between the mother and the daughter on this subject. The drawers were not introduced in evidence. The evidence complained of was a part of the res gestae of that particular act." This bill presents no error.

Another bill, without any statement as to the status of the case or testimony or the connection in which used in any way, complains that the girl said she told her mother July 26, 1912. When asked why she did not tell her mother sooner she replied because he (appellant) said if she told her and he found it out he would kill them both and she thought that if she told her mother, her mother might tell him; and he further told her even if her mother didn't tell him he would know it anyhow. Warren v. State, 54 Texas Crim. Rep., 443. This bill presents no error.

The court did not err in permitting the girl to testify that the acts of intercourse with her by her father were without her consent, the court explaining that her testimony was admitted as a part of the res gestae.

By some three bills of exceptions appellant objected to the testimony of the physicians who examined the private parts of the girl and testified to the condition they found it. The bills do not state when this examination occurred. If we could go to the record otherwise it would show that the case was tried in March, 1913. The examination, of course, was made before the trial. The court, in allowing these bills, explained them by stating that the physical examination of the girl showed that the hymen was intact on the day of the examination and that their evidence was pertinent to the issue of penetration. We think all this testimony, therefore, was admissible. The length of time between the alleged act and the physical examination by the doctors would go to the weight and not the admissibility of the evidence. Smith v. State, 63 Texas Crim. Rep., 183; Gonzales v. State, 32 Texas Crim. Rep., 611; Pless v. State, 23 Texas Crim. App., 73.

By another bill it is shown that the girl had testified her mother had gone to Mrs. Spates at the time her father was committing a rape upon her person on December 24, 1912. The appellant complains that the court permitted Mrs. Spates, a State's witness, to testify that appellant's wife had visited her house on said date between 8 and 9 o'clock. The court, in approving the bill, stated that appellant had testified in sub-

stance that his wife had not left home that morning between 8 or 9 o'clock so far as he knew, and that the evidence complained of was in rebuttal of his testimony. Under the circumstances this evidence was admissible.

By another bill it is shown that the girl had testified to one act by appellant on her at some date at about 10 o'clock. He complained that the court permitted the witness Elkin, who testified that on that date he killed a hog and that appellant never got there until beween 10 and 11 o'clock, or a quarter after 11 that morning. The court in qualifying the bill states that appellant had testified that he left the house with his wife about 9 o'clock that morning to go to this neighbor's to kill a hog and could not, therefore, have been at home to commit the alleged rape on his daughter at the hour stated by her and he admitted this testimony of Elkin in rebuttal of his testimony. This testimony was correctly admitted.

By another bill appellant merely complains that the court refused to give his special charge No. 4, to which he excepted. There are several charges requested by appellant shown in the record, none of them numbered. Charge No. 4 is not shown. The bill does not state what it was, or otherwise identify it. In his motion for new trial the only reference to this matter is stated in the sixth ground of the motion to be: "The court erred in refusing to give in his charge to the jury the requested special charge number four by the defendant." This, of course, is too general to point out any matter for review. However, the court's charge was full and complete and the court should not have given any of his special charges. The same character of bill is made to the refusal of the court to give his special charge No. 5, and the same kind of reference made thereto in his motion for new trial. Neither of these matters present any error.

By another bill appellant complains that the court did not submit to the jury for a finding whether or not he attempted to rape the girl. In qualifying the bill on that subject the judge said he did not agree with appellant's conclusion as to the delinquency of the court on the point and says: "The evidence did not justify a charge on an attempt to commit the offense of rape. The act of December 24, 1912, upon which the State relied for a conviction, showed penetration and, therefore, the offense of rape." We think the judge is correct.

The only other question necessary to refer to or decide is shown by appellant's sixteenth bill of exceptions to this effect: That appellant offered to introduce his wife, Mary Boyd. The bill says, "to give testimony in his behalf and not against him, and the court would not permit said witness to be put upon the stand," and that he proposed to ask her, "Did you ever see George Boyd and Louisa Boyd trying to have intercourse together?" And that the witness would have answered "no," and that he desired the right to interrogate her generally upon any matters, but the court refused to put her on the stand, to which he objected. The above is the substance in full of his bill. The court qualified it as follows:

"Both sides of the case rested before the noon hour of adjournment, and had agreed upon the time to be consumed in argument. When the court convened for the afternoon session, counsel for defendant stated to the court that he desired to call the wife of the defendant, Mary Boyd, as a witness. The court replied that the wife, Mary Boyd, had testified in the habeas corpus proceeding and that all of her testimony was against the defendant, and that such testimony of the wife was not admissible even though elicited by the defendant, and inquired of counsel for de-. fendant what particular evidence he wanted from the wife. He replied that he wanted to prove by her that she, the wife, did not see the defendant and Louisa Boyd, the prosecuting witness, trying to have sexual intercourse. The court then called the county attorney over to the bench, and after a conference it was agreed that the jury be told that it was admitted that the witness, Mary Boyd, defendant's wife, if placed on the stand, would testify that she at no time saw the defendant, George Boyd, and the prosecuting witness, Louisa Boyd, having sexual intercourse or attempting to have such sexual intercourse, and that such evidence was true, and the jury was so instructed by the court. After this agreement, counsel for defendant manifested some dissatisfaction and stated that he might want to ask the witness other questions upon any matters, whereupon the court inquired the nature of such other evidence desired, and counsel refusing to divulge it, the court then refused to let the case be re-opened, and directed the argument to proceed.

"With this explanation, I approve this bill and order it filed as a part of the record in this cause."

This bill was accepted by appellant as thus qualified and he is bound thereby. As qualified the bill clearly shows no error.

The judgment is affirmed.

*Affirmed.*