Argued September 7, affirmed September 21, rehearing denied
November 3, 1926.

## STATE v. CORWIN HARVEY.

(249 Pac. 172.)

**Criminal Law—"Attempt to Commit Crime" is Act in Part Execu-
tion of Criminal Design, Falling Short of Actual Consummation,
and Possessing All Elements of Substantive Crime.**

1.  Attempt to commit crime is an act in part execution of crim-
inal design, amounting to more than mere preparation, but falling
short of actual consummation, and possessing, except for failure to
consummate, all elements of substantive crime.

**Indictment and Information—One Charged With Attempt to Com-
mit Sodomy Could not be Acquitted on Evidence of Substantive
Offense (§§ 1552, 2376, Or. L.).**

2.  Since statute, Section 1552, Or. L., expressly provides that
one charged with substantive offense may be convicted of attempt
to commit that offense, one charged with attempt to commit sodomy
could not be acquitted upon evidence tending to prove substantive
offense notwithstanding Section 2376, since making attempt was
necessary ingredient thereof.

**Sodomy.**

3.  Whether crime of sodomy was committed or whether merely
attempt to commit it was made *held* for jury.

Criminal Law, 16 C. J., p. 112, n. 2, p. 113, n. 10.
Indictments and Informations, 31. C. J., p. 859, n. 24.

From Clackamas: J. U. CAMPBELL, Judge.

Department 1.

Defendant was convicted of the crime of an at-
tempt to commit sodomy. Only one question is raised
in this appeal. Other questions were discussed in
the brief of appellant but were abandoned at the oral
argument. The one question presented for determi-
nation is stated in the following language:

"Upon a trial on an indictment, charging an at-
tempt to commit a crime, when the evidence for the

1.  See 8 R. C. L. 277.

State shows the substantive offense was committed, there can be no conviction of the attempt.''

AFFIRMED. REHEARING DENIED.

For appellant there was a brief over the name of *Mr. W. H. Fowler,* with an oral argument by Mr. *H. H. Riddell.*

For respondent there was a brief and oral argument by *Mr. Livy Stipp,* District Attorney.

COSHOW, J.—Defendant relies on Section 2376, Or. L., which reads as follows:

''If any person attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails or is prevented or intercepted in the perpetration thereof, such person, when no other provision is made by law for the punishment of such attempt, upon conviction thereof shall be punished as follows: * * ''

The rule relied upon is stated thus in 8 R. C. L., p. 277, Section 294:

''An indictable attempt, therefore, consists of two important elements: first, an intent to commit the crime; and second, a direct ineffectual act done towards its commission. It will be observed that a failure to consummate the crime is as much an element of an attempt to commit it as the intent and the performance of an overt act towards its commission. Hence when a crime is actually consummated there can be no prosecution for an attempt.''

*Graham* v. *People,* 181 Ill. 477 (55 N. E. 179, 47 L. R. A. 731); *People* v. *Crane,* 302 Ill. 217 (134 N. E. 99); *State* v. *Dumas,* 118 Minn. 77 (136 N. W. 311, 41 L. R. A. (N. S.) 439); *State* v. *Thompson,* 31 Nev. 209 (101 Pac. 557); *People* v. *Aldrich,* 58 Hun, 603 (11 N. Y. Supp. 464); *Sullivan* v. *People,* 27 Hun (N. Y.), 35, 37; *People* v. *Chavez,* 103 Cal. 407 (37

Pac. 389); *State* v. *Mitchell,* 54 Kan. 516 (38 Pac. 810).

These cases seem to have been based upon the case of *Reg.* v. *Nicholls,* 2 Cox C. C. 182. In that case we learn from a note that the defendant was formerly indicted for the consummated crime and acquitted. He then was charged with attempting to commit the crime and convicted. Attention is also directed to the statute in the State of Kansas on which is based the decision in *State* v. *Mitchell,* above. In *Sullivan* v. *People,* 27 Hun (N. Y.), 37, we are informed:

"But he could not be convicted of an attempt, because the statute declares that no person shall be convicted of an attempt to commit any offense unless it shall appear that the crime intended or the offense attempted was not perpetrated by him."

1. 16 C. J. 112, § 91, defines an attempt to commit crime as follows:

"An attempt to commit a crime may be defined as an act done in part execution of a criminal design, amounting to more than mere preparation, but falling short of actual consummation, and possessing, except for failure to consummate, all the elements of the substantive crime, so that, if not prevented, it would have resulted in the full consummation of the intended crime."

In this state the grand jury could have indicted the defendant charging him with the crime of sodomy and under that indictment could have lawfully convicted him of the crime of attempt to commit sodomy. Section 1552, Or. L., which reads as follows:

"In all cases, the defendant may be found guilty of any crime, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit such crime."

2. Undoubtedly the crime of sodomy includes every element in the crime of attempt to commit that crime and acquittal of the defendant tried upon an indictment for sodomy would be a bar to his trial upon a charge for any crime necessarily included in the indictment: *State* v. *Sing,* 114 Or. 267, 284 (229 Pac. 921); *State* v. *Ellsworth,* 30 Or. 145, 159 (47 Pac. 199); *State* v. *Goddard,* 69 Or. 73, 87 (133 Pac. 90, 138 Pac. 243, Ann. Cas. 1916A, 146). Where the substantive offense and an attempt to commit that offense are entirely separate, and the same person may be charged with both offenses successively, and an acquittal of one does not operate as a bar to the other, there is sound logic in holding that one charged with an attempt to commit a crime cannot be convicted upon evidence showing the crime to have been completed. *Reg.* v. *Nicholls,* 2 Cox C. C. 182. But where as in this state the statute expressly provides that one charged with the substantive offense may be convicted of an attempt to commit that offense thus making the attempt a necessary ingredient of the substantive offense no sound reason can be advanced for acquitting one charged with only the lesser offense upon evidence tending to prove the substantive offense. An acquittal of one charged with the attempt is an acquittal of the greater offense because the lesser offense is necessarily involved in the greater. *State* v. *Laundy,* 103 Or. 443, 479, 480 (204 Pac. 958, 206 Pac. 290), point 24.

"The question is not so much whether the defendant has been tried for the same act, or whether the facts alleged in the second indictment would have warranted a conviction on the first, as it is whether he has been put in jeopardy for the same offense, *or some part or constituent element thereof,* and the rules to be found in the books are only means for the determination of

that question." *State* v. *Howe,* 27 Or. 138, 144 (44 Pac. 672); *State* v. *Magone,* 33 Or. 570, 574 (56 Pac. 648).

3. In so far as the testimony differentiates the attempt from the substantive offense is concerned, the victim of the defendant is the only witness on behalf of the state .He is a boy of eleven years. His testimony is not clear. On direct examination it tends to prove the consummation of the crime of sodomy. On cross-examination it tends to prove an attempt with a failure to consummate. As is well said in *Reg.* v. *Nicholls,* 2 Cox C. C. 182, the child might have been mistaken or have misunderstood the purport of the questions propounded to him. ROLFE, B., in the Nicholls case said:

"But if you are satisfied, from all the circumstances, that the child was mistaken as to the penetration—which such a child might be—then you need not rely upon her whole statement, and you are bound to find the prisoner guilty."

In the instant case the question of whether or not the crime of sodomy was committed or merely an attempt was made to commit that crime became a question of fact to be determined by the jury. The judgment is affirmed.

AFFIRMED.   REHEARING DENIED.

McBRIDE, C. J., and BURNETT and BEAN, JJ., concur.