**Dr. C. B. DOTYE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 9, 1956.

Harry B. Miller, Jr., Robin Griffin, Lexington, for appellant.

J. D. Buckman, Jr., Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

Dr. C. B. Dotye was convicted of attempted abortion, KRS 436.020(1), and his punishment was fixed at a fine of $500 and imprisonment in the penitentiary for one year. He appeals from the judgment, asserting several grounds of error.

The first ground of error relates to alleged improper argument by the Commonwealth's attorney. Lewis Grubbs, alleged paramour of the prosecutrix, was indicted with Dr. Dotye as an aider and abettor but was not tried with the doctor because the latter moved for a separate trial. Upon the doctor's trial, Grubbs was called as a witness for the defense. He answered several simple identification questions, but when asked about the circumstances of the alleged offense he declined to answer on the ground of self-incrimination. In his closing argument to the jury, the Commonwealth's attorney made these comments:

"Lewis Grubbs is jointly indicted. Under the law he does not have to testify. He refused to testify. He does not have to open his mouth, and he did not.

"But the thing about this is, he is not on trial today. What he said today, if what Dr. Dotye says is true, could not possibly incriminate him in any such trial. If what Dr. Dotye says is true, the truth could not hurt Mr. Grubbs in regard to Virginia Crowe. If the truth is what Dr. Dotye says that it is, why did Lewis Grubbs refuse to answer?

"Virginia Crowe said he went to the office and waited outside the room she was in, and that he paid Dr. Dotye. One Hundred Dollars when it was over. Dr. Dotye said that it did not happen. If it did not happen, what does Lewis Grubbs have to fear? Thus, the third witness to this affair has testified in effect for the Commonwealth but has refused to testify at all.

"The Commonwealth did not call him. The Commonwealth could not. Why he was called at all, the Commonwealth does not know. Why he refused to testify * * *."

The appellant contends that these comments upon the codefendant's refusal to testify constituted prejudicial error.

The principle that the Commonwealth will not be allowed to comment on the fact that a defendant did not testify in his own behalf is firmly entrenched in our law both by statute and by decisions. KRS 455.090; Gray v. Commonwealth, 195 Ky. 307, 242 S.W. 8; Williams v. Commonwealth, 287 Ky. 659, 154 S.W.2d 728; Adams v. Commonwealth, Ky., 264 S.W.2d 283. But whether it is prejudicial error for the Commonwealth to comment on the fact that an accused's witness refuses to testify is not so well settled. No cases directly in point have come to our attention. However, there are cases which have alluded to this point. In Davis v. Commonwealth, Ky., 121 S.W. 429, 430, it was said:

"The alleged improper argument of the commonwealth's attorney consisted in comments upon the failure of the appellant to introduce in his behalf Cal Miller, who was jointly indicted with him. The record does not show whether the appellant offered Cal Miller as a witness or not. If he had offered him, and Miller had declined to testify, as he might have done upon the ground that his testimony might have incriminated him, it would have been improper for the commonwealth's attorney to comment to the prejudice of appellant upon his failure to testify."

Also in McElwain v. Commonwealth, 146 Ky. 104, 142 S.W. 234, 237, it was said:

"Appellant complains because the attorney for the prosecution was permitted to comment upon the failure of Lum Vance, under indictment with him, to testify. Vance and appellant demanded and were allowed separate trials. The prohibition against comment upon the failure to testify found in section 223, Criminal Code, subsec. 1, applies to the defendant on trial.

Vance was not upon trial. He was undoubtedly a competent witness for McElwain. True, he could not have been compelled to testify to any self-incriminatory fact; but that was a privilege of which he might or might not have felt occasion to avail himself. Had Vance been called as a witness, and declined to testify, no comment would have been permitted; but, when he was not offered at all, the failure to call him was a legitimate subject of comment."

See also Thomas v. Commonwealth, 257 Ky. 605, 78 S.W.2d 777, 781, where it was said:

"If defendant had called Tackett as a witness and he had refused to testify, then comment by the attorney for the Commonwealth would be improper."

In Roberson's New Kentucky Criminal Law and Procedure, at page 2077, this statement is made:

"When a co-defendant who has been granted a separate trial is called to testify, and he claims his privilege, no comment may be made thereon; but if he is not offered at all as a witness, the failure to call him is a legitimate subject of comment."

To the same effect is the text in 23 C.J.S., Criminal Law, §1099, p. 570.

Without deciding whether there is or should be in this jurisdiction an absolute rule against comment upon the fact that a codefendant, who has been granted a separate trial, has refused to testify on the ground of self-incrimination, it is our opinion that the comment that was made in this case, elaborating upon Grubbs' refusal to testify, was improper, and so much so as to constitute reversible error.

Some of the other grounds of error relied upon by the appellant require discussion because they relate to matters that may arise upon another trial.

■ It is contended that there was insufficient proof to show that the prosecutrix actually was pregnant at the time of the alleged abortion. Historically, it was required that the woman be quick with child in order for the offense of abortion to exist. In most jurisdictions the old rule has been changed by statute. Under some statutes it is sufficient if the woman be in any stage of pregnancy, while under other statutes an attempted abortion is punishable regardless of whether the woman was in fact pregnant. See 1 Am.Jur., Abortion, secs. 14, 15, pp. 137, 138; Fitch v. Commonwealth, 291 Ky. 748, 165 S.W.2d 558.

Our statute, KRS 436.020(1), penalizes any person who, with the intent to procure a miscarriage, prescribes or administers a drug or medicine to, or uses any instrument upon, "any pregnant woman or * * any woman whom he has reason to believe pregnant * * *." The statute clearly does not require actual pregnancy; it is sufficient if the accused has reason to believe the woman is pregnant.

The prosecutrix testified that she and Grubbs went to the appellant's office, in an automobile; that "the Doctor came out to the car and wanted me to come in and I told him I was not going to; and he told me I should not be allowed to have the baby;" that Grubbs forced her to go into the office, where the appellant inserted an instrument into her body, causing her to emit a substantial amount of blood; and that Grubbs paid the appellant $100. She did not say in so many words that she or Grubbs told the appellant she was pregnant and wanted an abortion performed, but her testimony as a whole leaves no doubt but that such was the fact.

■ There was a considerable amount of evidence tending to show that the prosecutrix was in fact pregnant, including the testimony of the appellant, who admitted that on the occasion in question he did make an instrumental examination of the girl (he says because she had asked him to determine whether she was pregnant) and found that she was then in the process of aborting. However, regardless of the sufficiency of the evidence of actual pregnancy, we think there was ample proof that the

appellant had reason to believe the girl was pregnant, and did believe she was pregnant, which is all the statute requires.

Another contention of the appellant relates to the testimony of a doctor member of the Lexington Clinic, as to what the records of the clinic showed concerning a pregnancy test performed upon the prosecutrix. The contention is that no proper foundation was laid for admission of the testimony concerning the clinic records. If upon another trial the clinic records are sought to be used, the court will be governed by the principles laid down in Whittaker v. Thornberry, 306 Ky. 830, 209 S.W. 2d 498.

■ In cross-examining the appellant, the Commonwealth's attorney made several efforts to elicit from the appellant (who is a Negro) a statement that it was unusual for a white girl to go to a Negro doctor at night. The appellant maintains that the Commonwealth's attorney, · by persistent repetition of questions, deliberately attempted to inject racial prejudice into the case. Upon another trial, any undue repetition of questions on this point will not be permitted.

A final contention is that, since the Commonwealth endeavored to prove that an actual miscarriage did result, the appellant could be convicted only under subsection (2) of KRS 436.020, which provides punishment for a miscarriage resulting in death of an unborn child, and could not be convicted under subsection (1), which provides punishment for acts performed with the intent to procure a miscarriage. Appellant contends that in any event he was entitled to an instruction under subsection (2).

■ It is true there is authority to the effect that when a crime has been completely consummated, there can be no prosecution for an attempt. See 14 Am.Jur., Criminal Law, sec. 65, p. 814. However, this rule applies only where judgment in the attempt prosecution would not constitute a bar to a prosecution for the consummated crime. See State v. Harvey, 119 Or. 512, 249 P. 172. Under the law of Kentucky, where offenses of different degrees arise out of the same transaction, the Commonwealth must elect which offense it will prosecute, and if it elects to prosecute for the lesser offense the judgment in such prosecution will bar a future prosecution for the higher offense, Arnett v. Commonwealth, 270 Ky. 335, 109 S.W.2d 795. Section 265 of the Criminal Code of Practice expressly provides:

"If the proof show the defendant to be guilty of a higher degree of the offense than is charged in the indictment, the jury shall find him guilty of the degree charged in the indictment."

■ Since a judgment of conviction or acquittal on the attempt charge will bar a prosecution for the completed abortion, the appellant has no cause to complain of the fact that the Commonwealth elected to prosecute him for the lesser offense.

Because of the error in permitting comment upon the codefendant's refusal to testify, the judgment is reversed, with directions to grant a new trial.

MONTGOMERY, J., not sitting.