Harold **NIELSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41781.

Court of Criminal Appeals of Texas.

Jan. 29, 1969.

Rehearing Denied March 19, 1969.

David B. Anderson, Cleburne (On Appeal Only), for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is attempt to rape; the punishment, assessed by the jury, 30 years' confinement in the Texas Department of Corrections.

This appeal presents the question of whether a conviction for an attempt to rape may be sustained upon proof of the completed offense.

The 13-year-old prosecutrix testified that on the night of November 15, 1967, after her mother had left for work as a waitress in Fort Worth, the appellant, her father, gave her 16-year-old mentally retarded brother cigarettes to go to the living room of their trailer house and took her to the back bedroom; that there he took off the "bottom part" of his clothing and upon her refusal, took down the "bottoms" of her babydoll pajamas and while lying on the bed made her straddle his body with her legs; that she kept pulling her legs back and putting them on his chest trying to push him off and told him she was going to tell her mother.

Then the transcription of the court reporter's notes reflects the following on direct examination of the prosecutrix who had testified she knew the difference in the sexual parts of the male and female:

"Q. Now, wait a minute. Before we get to the end of it: Did he ever get his penis into your vagina?

"A. Yes, but not all the—not all the way.

"Q. All right. Could you or not tell whether that was what he was trying to do?

"A. It was, because it hurt and everything and afterwards when he kept

trying, you know,—and then, he just, he was huffing and puffing and then all of a sudden he just let out a whole bunch of air and then he quit and just told me to go get a towel and all that.

"Q. All right. And, did you at that time find anything on you?

"A. Yes, sir.

"Q. Would you describe what it was?

"A. It was white and gooey.

"Q. All right. And, after that took place then did he release you?

"A. Yes, sir.

"Q. Let you go?

"A. Yes, sir.

"Q. Where on your body did you find this substance that you described as white and gooey?

"A. A little on my stomach and then on my vagena, or whatever, you * * *."

The following morning the prosecutrix reported the matter to her mother after her father had left for work.

No medical proof was offered.

Appellant, testifying in his own behalf, denied the incident in question and further stated that he had never molested the prosecutrix.

In his first two grounds of error, appellant complains that the evidence does not sustain or support a conviction for the offense of attempt to rape and that the court erred in entering judgment upon the verdict. It is appellant's claim that the State's evidence, if taken as true, indicates that if any crime was committed by appellant the offense would be either the offense of rape or the offense of assault with intent to rape and not the offense of attempt to rape. He urges that this conviction cannot stand in light of Articles 7 and 1190,

Vernon's Ann.P.C., the indictment and the evidence.

The offense of attempt to rape in Texas is defined by Article 1190, supra. This article has remained substantially unchanged through several codifications.

Despite the peculiar language of the statute it has been held an attempt to rape may be charged directly in the indictment and that an indictment for rape is not necessary to a conviction for such offense. Reagan v. State, 28 Tex.App. 227, 12 S.W. 601, 19 Am.St.Rep. 833. In Milton v. State, 24 Tex.App. 284, 6 S.W. 39, the Court explained why attempt to rape is a separate offense and is not dependent upon an indictment for rape. See also West v. State, Tex.Cr.App., 21 S.W. 686; Franklin v. State, 34 Tex.Cr.R. 203, 29 S.W. 1088; 4 Branch's Anno.P.C., 2d ed., Sec. 1984, p. 304.

■ It is well established now that attempt to rape is a distinct offense from rape or assault with intent to rape, and may be prosecuted and punished as such. Milton v. State, supra; Article 1190, supra, note No. 1 and authorities there cited.

In support of his contention that proof of the completed offense of rape will not sustain a conviction for attempt to rape, appellant cites and relies upon Taylor v. State, 44 Tex.Cr.R. 153, 69 S.W. 149; McAdoo v. State, 35 Tex.Cr.R. 603, 34 S.W. 955; Warren v. State, 38 Cr.R. 152, 41 S.W. 635; Moon v. State, Tex.Cr.App., 45 S.W. 806; Boyd v. State, 163 S.W. 67; Waire v. State, Tex.Cr.App., 64 S.W. 1061; 48 Tex.Jur.2d, 718, Sec. 73. See also Wyvias v. State, Tex., 64 Cr.R. 236, 142 S.W. 585; Shockley v. State, 71 Tex.Cr.R. 475, 160 S.W. 452; Holloway v. State, 54 Tex.Cr.R. 465, 113 S.W. 928; 4 Branch's Anno.P.C., 2d ed., Sec. 1985, p. 305. There can be little question that a number of authorities seemingly support appellant's position and lend color to his argument.

And it is true that there are other jurisdictions which hold to the rule that

when a crime has been completely consummated there can be no prosecution for an attempt. See 21 Am.Jur.2d ed., Criminal Law, Sec. 110, p. 188; 42 C.J.S. Indictments and Informations § 299(b); 22 C.J.S. Criminal Law §§ 74 and 75.

These cases and authorities appear to espouse the doctrine of merger which is based on the theory that when the lesser offense melts into the greater, the lesser is absorbed or sinks into the greater. This merger rule to a certain extent deprives the prosecutorial authorities of the right to determine upon what charge an accused shall be tried and vests that right in the accused.

We have not been favored with a brief by the State, either in trial court or here. Upon our own independent research, we find that appellant appears to have overlooked a decision which apparently overruled the line of cases upon which he relies. In Martinez v. State, 161 Tex.Cr. R. 494, 278 S.W.2d 156, a conviction for attempt to rape under a rape indictment was affirmed over the contention that the evidence demonstrated an assault with intent to rape.

There the appellant's own testimony established that there had been an assault and the court further noted that the evidence was sufficient to support a conviction for rape. Relying upon Groce v. State, 126 Tex.Cr.R. 10, 70 S.W.2d 163 and Article 753, Sec. 9, Vernon's Ann.C.C.P. (now Article 40.03, Sec. 9), this Court observed that one indicted for rape and shown by the evidence to be guilty of that offense may not complain that he was acquitted of rape and convicted of the lesser included offenses of assault with intent to rape or of aggravated assault. Then the Court added: "It cannot be denied that an attempt to rape is an offense of inferior grade to, but of the same nature as the offense of rape. The same rule should therefore apply."

While Martinez did not mention or discuss Article 1190, supra, or any of the authorities mentioned above, it has now been cited for authority that Texas is a jurisdiction where a conviction of an attempt to commit the offense may be sustained even though the proof shows commission of the completed offense. See 42 C.J.S. Indictments and Informations § 299 (b), note 80. Thus, it would appear that Martinez overruled the earlier cases by implication or sub silentio. Lending support to this theory is the fact that an examination of the record in Martinez reflects that the appellant there cited McAdoo, Warren, Moon, Waire, Taylor, Wyvias, supra, as authorities in his brief.

Further, there appears no logical basis for the rule urged by appellant to have application where the judgment in the attempt prosecution would constitute a bar to a prosecution for the consummated crime. See State v. Harvey, 119 Or. 512, 249 P. 172; Dotye v. Commonwealth of Kentucky, Ky., 289 S.W.2d 206.

In State v. Harvey, supra, the Supreme Court of Oregon observed that cases which support the position taken by appellant here were based on the case of Reg. v. Nicholls, 2 Cox.Cr.Cas. 182. In that case the accused was indicted for the consummated crime and acquitted. Subsequently he was charged with attempting to commit the crime and convicted. There the court concluded, as we do now, that "no sound reason can be advanced for acquitting one charged with only the lesser offense upon evidence tending to prove the substantive offense" when the procedure utilized in Reg. v. Nicholls, supra, is not available to the prosecution.

Under the law of this State where different offenses arise or grow out of the same transaction, the State must elect which offense it will prosecute, and if it elects to prosecute for the lesser offense, the judgment in such prosecution will bar a future prosecution for the higher offense.

In Lewis v. State, 171 Tex.Cr.R. 231, 346 S.W.2d 608, the accused was convicted of indecent exposure under an indictment

charging such offense though the evidence showed the completed offense of rape arising out of the same transaction. There the Court said:

"Under the doctrine of carving, the State may carve and prosecute for any offense it may elect which grows out of the same transaction. 1 Branch's Anno. P.C., 2nd ed., 625, Sec. 654; Martinez v. State, 165 Tex.Cr.R. 244, 306 S.W.2d 131. The fact that testimony relied upon by the State to show the offense charged against an accused also develops facts which constitute another independent crime does not prevent a conviction for the offense on trial. Fuentes v. State, 163 Tex.Cr.R. 410, 292 S.W.2d 117."

The above quoted rule is well established. Hilliard v. State, Tex.Cr.App., 401 S.W.2d 814; Vick v. State, Tex.Cr.App., 397 S.W. 2d 229; Nichols v. State, Tex.Cr.App., 386 S.W.2d 795; Jefferson v. State, Tex. Cr.App., 364 S.W.2d 227; Shannon v. State, 170 Tex.Cr.R. 91, 338 S.W.2d 462; See also 16 Tex.Jur.2d., Criminal Law, Sec. 24, p. 127.

■ As we view it, a conviction or acquittal for rape will bar a subsequent prosecution for an attempt and likewise a conviction or acquittal for an attempt will bar a successful subsequent prosecution for the completed offense growing out of the same transaction. Therefore, the rule urged by appellant should have no application. To so hold would be to reach a rather illogical result, particularly when it is recognized that an attempt to rape is a separate and distinct offense from rape or assault to rape and may be charged as such in the indictment. Such a result would mean that once the proof sustained the allegations of the indictment charging an attempt to rape, such offense could be extinguished by additional proof showing rape or assault with intent to commit rape. Under such circumstances an accused could upon a conviction for attempt to rape successfully complain that he was not charged and convicted of a higher offense or offenses carrying the same or heavier penalties, even after the period of limitation has elapsed. See Article 12.02, V.A.C.C.P. The fact that an accused is guilty of a higher offense than alleged should be no defense, and it should not be open to him to object that he has not been indicted for the greater offense. Cf. People v. Baxter, 245 Mich. 229, 222 N.W. 149; People v. Miller, 96 Mich. 119, 55 N.W. 675; State v. Mathis, 47 N.J. 455, 221 A.2d 529; Guzik v. United States, C.C.A. Ill., 54 F.2d 618, cert. den. 285 U.S. 545, 52 S.Ct. 395, 76 L.Ed. 937.

■ It should here be observed that a conviction for assault with intent to rape, Tackett v. State, 136 Tex.Cr.App. 445, 125 S.W.2d 603; Carr v. State, 158 Cr.R. 337, 255 S.W.2d 870; Grimes v. State, 71 Cr.R. 614, 160 S.W. 689, 691, or aggravated assault, Carter v. State, 121 Cr.R. 493, 51 S.W.2d 316, may be sustained though the evidence establishes the offense of rape. Cf. Lewis v. State, supra.

What sensible end can be served by the bald proposition that when the indictment alleges only an "attempt" there must be an acquittal if the evidence shows the accused went further than the State charged. "Surely an 'attempt' is not so divorced from the completed crime that the charge of one gives no suggestion of the other." State v. Mathis, supra.

We overrule grounds of error #1 and 2.

■ This Court does not hesitate to reverse a conviction where ineffectiveness of counsel is manifestly demonstrated. Vessels v. State, 432 S.W.2d 108. In the case at bar, we have carefully reviewed the record and cannot agree that appellant was denied the effective assistance of counsel. See Johnson v. State, Tex.Cr.App., 421 S.W.2d 918; Fletcher v. State, Tex. Cr.App., 396 S.W.2d 393; MacKenna v. Ellis, 280 F.2d 592; Williams v. Beto, 5 Cir., 354 F.2d 698, 704. Ground of error #3 is overruled.

Milton v. State, 23 Tex.Civ.App. 204, 4 S.W. 574 and Reagan v. State, 28 Tex.Civ.App. 227, 12 S.W. 601 and other authorities earlier cited, have been decided contrary to appellant's contention that the offense of attempt to rape can only be had upon an indictment for rape. Ground of error #4 is overruled.

We find no merit in appellant's fifth ground of error as to the court's charge or instruction on the term "force." Appellant candidly admits there was no objection or special requested charge as required by Articles 36.14 and 36.15, V.A. C.C.P., and we perceive no fundamental error.

Finding no reversible error, the judgment is affirmed.

DOUGLAS, J., not participating.