444 F.2d 517
 Harold W. NIELSON, Petitioner-Appellant,
v.
Dr. George J. BETO, Director, Texas Department of
Corrections, Respondent-Appellee.
No. 71-1114. Summary Calendar.*
*(1) Rule 18, 5 Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 May 6, 1971, As Modified on Denial of Rehearing June 1, 1971.
 
 Harold W. Nielson, pro se.
 Crawford C. Martin, Atty. Gen., of Texas, Larry J. Craddock, Asst. U.S. Atty., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for appellee.
 Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit judges.
 PER CURIAM:
 
 
 1
 Harold W. Nielson, a prisoner of the State of Texas, appeals from the district court's dismissal of his petition for habeas corpus relief.
 
 
 2
 Petitioner is confined under a 30-year sentence for attempted rape of his 13-year-old daughter. The sentence was fixed by the jury after a trial in the 18th Judicial District Court of Johnson County, Texas. On direct appeal the judgment was affirmed. Nielson v. State, 437 S.W.2d 862 (Tex.Cr.App.1969).
 
 
 3
 Upon direct appeal Nielson contended, as he did in his motion for new trial and state habeas corpus proceedings, that his court-appointed counsel failed to rander effective representation. The allegation was made the general basis for petitioner's pro se federal habeas corpus petition.
 
 
 4
 The court below ordered respondent to answer the application, appointed counsel for petitioner, and directed petitioner to file a responsive pleading in which 'additional numbered paragraphs may be utilized to set forth any additional matters which applicant may wish to plead.' Pursuant to these instructions Nielson's appointed counsel filed his memorandum brief in support of petitioner's application for writ of habeas corpus alleging in general a denial of effective representation in violation of the 6th Amendment and delineating as specific grounds therein that (1) Nielson was not represented by counsel at his arraignment, and (2) Nielson did not receive effective assistance during the conduct of the trial for the reason, inter alia, that his state court-appointed trial counsel did not participate in questioning of the jury panel on voir dire.
 
 
 5
 The district court, in its order of dismissal, asserted that petitioner 'raised the same issues both a direct appeal and in a state Habeas Corpus proceeding' and found the claims to be 'insubstantial.' Although we might imply from this dismissal order that Nielson received a state post-conviction relief hearing and that all the issues were found against him, even the respondent acknowledges that the question of the failure of Nielson's attorney to question the jury panel has never been presented to the state courts and if petitioner relies on this contention, he should be required to exhaust state remedies. We also note that Nielson did not raise the question of lack of representation at arraignment in his state habeas corpus proceeding.
 
 
 6
 Because we are unable to discern the exact reasons for the district court's dismissal of the petition, the case is remanded for findings of fact and conclusions of law pursuant to Rule 52(a), F.R.Civ.P., relating to the question of exhaustion of state remedies on these additional grounds petitioner has raised.
 
 
 7
 Remanded.