### TOM PHILLIPS v. THE STATE.

No. 7207. Decided April 25, 1923.

Rehearing denied May 30, 1923.

**1.—Selling Intoxicating Liquor—Indictment—Per Cent of Alcohol.**

The prosecution being found under Article 588¼, P. C., was not faulty in failing to contain an averment that the liquor in question contained more than one per cent of alcohol. Following Estell v. State, 240 S. W., Rep., 913.

**2.—Same—Sufficiency of the Evidence.**

Where the purchaser named in the indictment testified that he bought the whisky from the appellant, and the latter admitted that he delivered the same to the witness, but claimed that it was a gift and not a sale, the issue was one of fact for the jury.

**3.—Same—Identification of Liquor.**

Where objection was urged that the bottle of fluid introduced in evidence was not identified as that coming from the defendant, but the statement of facts show that it was so identified, there is no reversible error.

**4.—Same—Bill of Exceptions—Practice in Trial Court.**

Where the bill of exceptions was not approved by the trial judge, the same cannot be considered on appeal.

**5.—Same—Bill of Exceptions—Evidence.**

The bill complaining that the still was found upon someone else's place, etc., is without merit and presents no error.

**6.—Same—Evidence—Declarations of Defendant.**

Where defendant's declarations were made while he was not under arrest, there was no error in introducing them in evidence.

7.—Same—Rehearing—Charge of Court.

Where the statement in the court's charge defining the law under which the prosecution was found, was inaccurate, but was merely an abstract statement, there was no reversible error in the absence of exceptions reserved thereto.

Appeal from the District Court of Shelby. Tried below before the Honorable Chas. L. Brachfield.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*E. J. McLeroy,* for appellant.—On question of Court's charge; Estelle v. State, 240 S. W. Rep., 913.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The indictment follows the law embraced in Section 1 of Chap. 61, Acts of the Thirty-seventh Legislature, 2nd Called Session. See Vernon's Tex. Crim. Stat., Vol. 2, Sup. 1922 (Penal Code) Art. 588¼. In Section 2 of that Act, another offense is defined, namely: the unlawful sale of spirituous liquor containing an excess of one per cent of alcohol by volume. See Art. 588¼a. The prosecution being founded under Article 588¼, was not faulty in failing to contain an averment that the liquor in question contained more than one per cent of alcohol. See Estell v. State, 92 Tex. Crim. Rep., 481, 240 S. W. Rep. 913.

The purchaser named in the indictment testified that he bought the whisky from the appellant. The appellant admitted that he delivered the whisky to the witness but claimed that it was a gift and not a sale. The solution of the issue of fact by the jury is binding upon this court.

Objection was urged that the bottle of fluid introduced was not identified as that coming from the appellant. This is controverted by the qualification of the bill, and we think also by the statement of facts. Hooker, the purchaser, testified that he bought a bottle of liquor from the appellant and delivered it to the witness Booth. Booth testified that he instigated and observed the purchase and received the liquor, and that in his presence, his wife placed a label upon it. He identified the bottle from his own memory and knowledge of it as well as from the label, and produced it in court. Upon his identification it was admitted in evidence. While on the stand he tasted the liquid. The complaint of this is not well founded. The witness gave testimony qualifying him to determine the character of

the liquor by tasting it. See Joyce on Intoxicating Liquor, Sec. 521; Cyc. of Law & Proc., Vol. 23, p. 266.

The complaint in the bill about the facial expressions of the witness is not approved by the trial judge.

Appellant, in his testimony, claimed that he had. bought the liquor and that it cost him more than the State's witness claimed to have paid for it. There was also testimony that the cork in the bottle was put in by a machine. Appellant testified that there was no machine for putting corks in the bottles upon his premises. He also testified that a corking machine had been seen by him at the home of another person in the neighborhood; also that there was no still upon his premises. In rebuttal, the State introduced testimony that on the night of the arrest a still was found, also a corker and other equipment for manufacturing liquor; also conversations with the appellant and testimony to the effect that the still had been moved from his house to that of Mrs. Bryan.

The bill complaining that at Mrs. Bryan's place was found part of a still, a corker and labels similar to that upon the bottle in which the liquor was obtained by the purchaser from the appellant is without merit.

There is a bill complaining of the failure of the court to instruct the jury to disregard certain conversations with the appellant while he was under arrest. The qualification of the bill states in terms that at the time the declarations were made appellant was not under arrest. A bill accepted in this condition is binding upon the appellant. There appears to have been no objection to the testimony at the time it was received.

The evidence is sufficient and no error is discerned.

The judgment is therefore affirmed.

### ON REHEARING.

### May 30, 1923.

MORROW, PRESIDING JUDGE.—The indictment charged that the appellant sold spirituous, vinous and intoxicating liquors and malt liquors capable of producing intoxication. This is the language used in Sec. 1 of Chap: 61, of the Acts of the Thirty-seventh Legislature, mentioned in the original opinion.

In the fourth paragraph of the court's charge, the jury is told that if they believe that the appellant sold to the purchaser named in the indictment, spirituous, vinous and intoxicating liquors, or malt liquors capable of producing intoxication, they should find appellant guilty, or if they had a reasonable doubt thereof, they must acquit him.

The court, in the third paragraph of the charge, told the jury that the law upon which the prosecution was founded was that embraced in the terms of Sec. 2 of the Act of the Legislature mentioned, in which

the offense described is the sale of spirituous, vinous or malt liquors containing an excess of one per cent of alcohol by volume. Sections 1 and 2 of the Act denounce separate offenses. This was held in Estell v. State, 91 Tex. Crim. Rep., 481, and other cases. The statement setting out the terms of the law under which the prosecution is founded is inaccurate. The prosecution was under Sec. 1 of the Act in question. No exception was reserved to the inaccuracy. It is merely an abstract statement. The other paragraphs of the charge definitely informed the jury upon what facts a conviction might be predicated, and the facts so described coincide with those in Section 1 of the chapter in question and also with the indictment. The fault in the charge is not one demanding notice in the absence of objection.

The other matters mentioned in the motion for rehearing were properly disposed of and sufficiently discussed in the original hearing.

The motion for rehearing is overruled.

*Overruled.*