A. L. GARRETT v. THE STATE.

No. 11881. Delivered March 27, 1929.
Rehearing denied October 9, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is fraudulently receiving stolen property; the punishment confinement in the penitentiary for two years.

The term of court at which appellant was tried adjourned on the 28th day of January, 1928. Bills of exception found in the record were not filed until April 25th, 1928. No order extending the time for filing the bills of exception was entered. Under the provisions of Article 760 C. C. P. the bills were filed too late, and the state's motion to strike said bills from the record must be sustained.

We are of the opinion that the evidence is sufficient to support the conviction.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The motion for rehearing is concerned with two questions. It is urged that two errors of a nature requiring a reversal of the judgment occur in the charge of the court.

Appellant was convicted under a count in the indictment charging that he fraudulently received the property in question from some person or persons to the grand jurors unknown, it being averred that said property had been acquired by said unknown person or persons in such manner that its acquisition came within the mean-

ing of the term "theft.". As an abstract statement, the court instructed the jury as follows:

"In order to warrant a conviction for 'receiving' or 'concealing' stolen property, as charged in the second, third and fourth counts of the indictment it must be made to appear by the evidence, satisfactory to the jury, beyond a reasonable doubt (1) that the property alleged to have been 'received' or 'concealed' was acquired by theft, and (2) that the defendant, knowing it to have been stolen, received or concealed the same. If either of these essentials is wanting, then the defendant cannot be convicted under the second, third or fourth counts in said indictment."

It is the appellant's position that this charge is fundamentally erroneous in that it was necessary to further advise the jury that it was incumbent upon the State to prove beyond a reasonable doubt that the property was stolen by some person to the grand jurors unknown and delivered by that person to the appellant. Appellant made no objection to the charge on the ground he now assigns as error.

In another paragraph of the charge in which the case was submitted to the jury for finding the court gave an accurate and full instruction to the jury to the effect that as a predicate for conviction there must be proof in substance that the property must have been stolen from some person to the grand jurors unknown, and that the appellant received and concealed it with knowledge of the theft. Such proof was made as shown by the statement of facts. An omission in an abstract paragraph of the charge, challenged at the time of the trial by no objection capable of directing the attention of the trial court thereto and preserved by no bill or exceptions, does not warrant a reversal of the judgment. C. C. P., Art. 666. The statute (Art. 658, C. C. P.,) imposed upon the accused or his counsel the duty of pointing out the faults in the charge before it was read to the jury. Proof appearing in the record that the property was stolen by some person to the grand jurors unknown, and the charge accurately and adequately submitting that issue to the jury, the verdict should not be set aside because of the omission in the abstract statement of the law in the paragraph of the charge under consideration. See Phillips v. State, 251 S. W. Rep. 811; also Mitchell v. State, 10 S. W. (2d) 87; Kelly v. State, 17 S. W. (2d) 460; Lopez v. State, 17 S. W. (2d) 807; Owens v. State, 1 S. W. (2d) 890.

The motion for rehearing is overruled.

*Overruled.*